[No. D012217. Fourth Dist., Div. One. Oct. 23, 1990.]

STUART L. BROWN et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ANNE ELIZABETH BENGS, Real Party in Interest.

**COUNSEL**

Lewis, D'Amato, Brisbois & Bisgaard, Douglas R. Reynolds, Marilyn R. Moriarty, Thomas M. Diachenko, James E. Friedhofer and H. Gilbert Jones for Petitioners.

No appearance for Respondent.

Deutsch & Beaudry, Sheldon Deutsch and Catherine M. Beaudry for Real Party in Interest.

## OPINION

KREMER, P. J.—Stuart L. Brown and Stuart L. Brown, M.D., Inc. (Brown) seek extraordinary relief after the court granted Anne Elizabeth Bengs's (Bengs) motion to (1) amend the complaint to include punitive damages in her professional negligence claim against Brown and (2) permit discovery of Brown's financial condition. We initially denied Brown's petition by order dated June 5, 1990. At the direction of the California Supreme Court, we vacated the order, stayed proceedings, and issued the alternative writ.

We are asked to interpret the language of Code of Civil Procedure[1] section 425.13, subdivision (a),[2] specifically whether the wording prohibiting amendment "not less than nine months before the date the matter is first set for trial" means nine months before the *trial setting conference*, or nine months before the *initial trial date*.

### FACTUAL AND PROCEDURAL BACKGROUND

Bengs filed a complaint for professional malpractice against psychiatrist Brown on January 24, 1989. At a trial setting conference on September 1, 1989, the court set trial for August 1, 1990.

On March 26, 1990, Bengs filed a motion to amend the complaint, adding claims for punitive damages (Civ. Code, § 3294), negligence per se (Civ. Code, § 43.93)[3] and to conduct discovery of Brown's financial condition. Brown opposed, claiming the motion was untimely under section 425.13, subdivision (a), because it was brought only approximately four months before trial. Brown emphasized Bengs had nearly two months after learning the date of trial to file her motion to add punitive damages.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Section 425.13, subdivision (a) provides: In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code. The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed within two years after the complaint or initial pleading is filed or not less than nine months before the date the matter is first set for trial, whichever is earlier.

[3] Civil Code section 43.93 establishes a cause of action against a psychotherapist for sexual contact with a patient or former patient. The sexual contact cause of action is unaffected by section 425.13 and is not a subject of this petition.

Bengs argued the language of the statute provides the motion must be brought no later than nine months before trial setting and cannot apply to "fast-track"[4] cases because, as in her situation, it would be impossible to amend a complaint not yet filed. The court granted the motion, reasoning: "I don't think [the statute] had any contemplation of the San Diego fast track system where things have to move along at breakneck speed. So I'm going to give [Bengs] a little bit of slack, and I'm going to allow the amendment to allege punitive damages and allow her to discover [Brown's] financial assets . . . ."

## DISCUSSION

■ The interpretation of a statute is a question of law, subject to de novo review. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) In construing a statute "[w]e begin with the fundamental rule that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.'" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) "An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them." (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 604 [45 Cal.Rptr. 512].) Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1]; *Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*People* v. *Knowles, supra,* 35 Cal.2d at p. 183.)

■ Section 425.13, enacted in 1987, allows claims for punitive damages against health care providers only upon a motion brought after the filing of the complaint. The section sets the earlier of two points in time as the outer limit to file the motion, within two years after the complaint is filed or "not less than nine months before the date the matter is first set for trial."

Arguably the phrase "the date the matter is first set for trial" is ambiguous and could be interpreted as either the "trial date" or the "trial setting date." Practically, however, the "trial setting date" is unworkable and could

---

[4] Cases under the Trial Court Delay Reduction Act of 1986, Government Code section 68600 et seq.

not have been the intent of the Legislature because of the uncertainty it would create.[5] For example, one county may have a policy to hold trial setting conferences close to the actual trial date while another may assign trial dates far in advance. Different plaintiffs would have disparate "windows" for amending, determined only by local calendaring practices. Further, trial setting often takes place before discovery is complete. Thus parties may not yet have the necessary evidence for affidavits to support or defeat a motion to amend.

The "trial setting date" would also shorten the actual time to bring the motion and could conceivably create an impossibility, e.g., where the trial setting conference occurs less than nine months after filing of the complaint. Bengs seizes upon this scenario to argue section 425.13 must be inapplicable to fast-track cases. We reject such a notion. The Legislature enacted section 425.13 *after* the Trial Court Delay Reduction Act of 1986. It is assumed the Legislature has in mind existing laws when it passes a statute. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].) Section 425.13 contains no exceptions or "sunset" clauses to limit its application. Further, the well-publicized goal of the Trial Court Delay Reduction Act of 1986 was to dispose of 90 percent of all civil cases within 1 year of filing, 98 percent within 18 months and 100 percent within 24 months. (San Diego County Super. Ct. Rules, div. II, rule 1.1(b).) We can infer the time constraint for amending is in harmony with the Legislature's goal of rapid progression to trial.

Construing the phrase "the date the matter is first set for trial" as the trial date would uniformly operate as a cutoff date in all actions. Practitioners would know they must move quickly after filing a complaint to prepare a showing for punitive damages, or lose the claim.[6] The practitioners have the ability to control and accelerate discovery to prepare for trial. They do not have the ability to control when they will be called for a trial setting conference. We interpret the words "first set" in section 425.13 as intended to prevent enlarging the motion "window," in the event trial is postponed. In other words, once trial is assigned, the period to file a motion adding punitive damages will not be enlarged if the trial date is changed.

Bengs's predicament belies her assertion that compliance with the statute is impossible. After filing her complaint in January 1989, Bengs deposed

---

[5] The legislative history of section 425.13 contains no explanation for the time limitations. We can only infer the Legislature desired a specific cutoff date, long before trial, after which a plaintiff could not amend the complaint to add punitive damages.

[6] California Practice Guide: Civil Procedure Before Trial has warned practitioners in a "Practice Pointer" first appearing in 1988 to file the motion to amend *before* the at-issue memorandum because "In most courts, the delay between trial setting and trial is *less* than 9 months." (Weil & Brown, Cal. Prac. Guide: Civil Procedure Before Trial (Rutter 1990) § 6:101.18, p. 6-23.2; italics in original.)

Brown on September 11, 1989, two days after the trial setting conference. During the deposition, Brown admitted after he had sexual intercourse with Bengs "between six and eight times," he was no longer objective in her treatment but continued the physician/patient relationship to Bengs's detriment. At that point Bengs had ample reason to move to amend her complaint and knew trial was approximately 11 months away. Bengs failed to bring the motion before November 1, 1989, nine months before trial. The court erred in granting her relief from the nine-month deadline where the statute mandates an untimely motion "shall not be granted." Because the right to discover Brown's financial condition arises from the punitive damages claim, Bengs may not conduct the discovery.

We recognize it may be possible to begin trial in less than nine months after filing of the complaint, arguably rendering compliance with section 425.13 impossible.[7] However the court has the flexibility at trial setting to accommodate a party in such a predicament.

### DISPOSITION

The alternative writ is discharged and the stay is vacated. Let a peremptory writ issue directing the Superior Court to vacate that part of its order granting leave to add a claim for punitive damages and to conduct discovery and enter a new order denying the same.

Todd, J., and Benke, J., concurred.

A petition for a rehearing was denied November 19, 1990.

---

[7]Under the San Diego County Superior Court Rules, a civil complaint must be served on all defendants within 60 days of the filing of the complaint (rule 1.4(a)), and the at-issue memorandum must be filed within 140 days of the first defendant's general appearance (rule 1.7(a)). A completed at-issue memorandum places the case on the active list (rule 1.7(a)). Parties are then required to attend a mandatory trial setting conference where the court sets deadlines for the exchange of information concerning expert witnesses, discovery and anticipated motions, and sets dates for a judicial disposition conference and trial (rule 1.10(c)). A case could be ready for trial in several months.