[No. B092372. Second Dist., Div. Three. Feb. 29, 1996.]

WALLACE GOODSTEIN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MARY K. PITTMAN, Real Party in Interest.

**COUNSEL**

Tuverson & Hillyard and Patricia Carmichael for Petitioner.

No appearance for Respondent.

Lebovits & David and Deborah A. David for Real Party in Interest.

**OPINION**

**CROSKEY, J.**—This request for writ of mandamus relief filed by petitioner Wallace Goodstein seeks to reverse the order of the trial court granting the motion of the plaintiff and real party in interest, Mary K. Pittman, to amend her complaint against Goodstein, a health care provider, to allege claims for

punitive damages. This motion was made pursuant to the mandate of Code of Civil Procedure section 425.13.[1] Goodstein objects to the trial court's order granting Pittman's motion because it was filed less than nine months prior to the first assigned trial date and therefore was not timely under section 425.13.

This case presents an example of a plaintiff who may not, due to circumstances beyond her control, be able to comply with the nine-month time limitation set out in section 425.13. As a result, it may be necessary in the interest of fairness and justice for the court to exercise its discretion to relieve the plaintiff from an impossible or impracticable time limitation. While we hold that a trial court does retain the discretionary flexibility to make such an order, we cannot determine from the record whether this case actually presents sufficient facts to warrant such an exercise of discretion. Because the trial court did not consider or make the necessary factual findings, we will grant the requested writ in part and remand the matter for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Pittman filed her original complaint against Goodstein on January 6, 1994. In that pleading she alleged claims for (1) medical malpractice (negligent diagnosis and treatment of Pittman during the period from October 1992 to February 1993), (2) battery (unauthorized and experimental surgery on Pittman), (3) fraud and concealment (with respect to treatment of Pittman and certain proposed surgery), (4) intentional spoliation of evidence (destruction of Pittman's surgical records), (5) negligent spoliation of evidence (same) and (6) strict product liability (design and manufacture by Goodstein of a device known as a surgical cannula which allegedly was used in treating Pittman). This pleading was later amended prior to service on Goodstein to allege a seventh cause of action for the negligent design and manufacture of

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Section 425.13, subdivision (a), (hereinafter simply section 425.13) provides: "In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code. The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed within two years after the complaint or initial pleading is filed *or not less than nine months before the date the matter is first set for trial*, whichever is earlier." (Italics added.)

the aforesaid cannula. Pittman sought punitive damages as to the second, third, fourth and sixth causes of action.

On April 4, 1994, Goodstein filed his answer to the complaint. At the same time he filed a demurrer to all seven causes of action and a motion to strike the punitive damage claims under section 425.13. The demurrer was overruled as to all counts except the sixth (strict product liability). The motion to strike the punitive damage claims was granted as to the battery and fraud counts, but was overruled as to the cause of action for intentional spoliation of evidence as that claim did not *arise out of* the professional negligence of a health care provider. (See *Central Pathology Service Medical Clinic, Inc.* v. *Superior Court* (1992) 3 Cal.4th 181, 187-188, 191-192 [10 Cal.Rptr.2d 208, 832 P.2d 924].)

On May 27, 1994, Pittman filed a second amended complaint, but Goodstein again successfully challenged the strict liability allegation by demurrer. On August 8, 1994, Pittman filed a third amended complaint attempting to correct the defect in that particular cause of action. This count included a claim for punitive damages. Goodstein again demurred, but this time, on September 19, 1994, the court overruled his objection. Goodstein filed his answer on October 6, 1994. This was the first date that Pittman's complaint was actually fully "at issue," although, on or about June 30, 1994, Pittman had filed a request for trial setting which stated (as a part of the form printed matter): "I hereby represent to the court that this case is at issue and request that it be set for trial." The form was signed by Pittman's counsel.

On July 20, 1994, the court sent out a notice of status conference, which conference was held on August 24. However, it took place before a clerk, not a judge. At that time the clerk stated that she intended to set the case for trial. Counsel for both Pittman and Goodstein pointed out that the case was not then "at issue" as no answer had been filed to the most recent pleading. Indeed, that answer would not be filed until October 6. Nonetheless, the clerk set the trial date for *May 10, 1995*, a date *less than* nine months away. Pittman's counsel did not at that time request a different trial date, which would have enabled her to comply with the nine-month rule of section 425.13.[2]

On February 14, 1995, Pittman filed her motion to amend her complaint to allege claims for punitive damages as to her second (battery) and third

[2]The recitation of facts in this paragraph are substantially supported by the record, but Goodstein contends it is not entirely accurate. He states, in his reply brief, that Pittman, at the status conference, had a full opportunity to speak with the judge and simply failed to take that opportunity to request a trial setting which would have permitted compliance with section

(fraud) causes of action. This date was less than three months from the first assigned trial date and obviously did not satisfy the nine-month limitation set out in section 425.13. Pittman justified the tardy filing of her motion by claiming: (1) she never had a full nine-month period to begin with, (2) she could not file her motion relying solely on her pleadings, but had to have some evidence in order to meet the "substantial probability" of success test set out in section 425.13, and (3) such evidence required the completion of the deposition of Goodstein, which Pittman claims was repeatedly delayed by counsel for Goodstein. Pittman claims she did her best to gather the required evidence and filed her motion as soon as reasonably practical.[3] Goodstein vigorously opposed the motion, arguing that Pittman's punitive damage amendment request was not timely.

The motion was heard on March 1, 1995. At that time, the court stated that it had no trouble concluding that Pittman had met her evidentiary burden under section 425.13. However, the court was troubled about the nine-month timing issue which was at the core of Goodstein's objection to the motion. After considering the arguments of counsel, the court granted Pittman's motion and, in doing so, appeared to place considerable emphasis on the fact that Pittman had never had a full nine months to bring her motion following the setting of the trial date.[4]

Goodstein then filed a timely petition with this court for a writ of mandamus seeking review of the trial court's order. After issuing a preliminary ruling that our review of the matter indicated the trial court had erred,

---

425.13. He also states that Pittman's claim that the clerk was informed that the case was not "at issue" is an "erroneous assertion."

[3]On October 31, 1994, the Supreme Court clarified the evidentiary burden necessary to satisfy section 425.13. "[A] motion to amend the complaint to state a punitive damages claim under section 425.13(a) must be granted unless, after reviewing the supporting and opposing materials, the court concludes that the allegations made or the evidence adduced in support of the claim, even if credited, are insufficient as a matter of law to support a judgment for punitive damages." (*College Hospital, Inc.* v. *Superior Court* (1994) 8 Cal.4th 704, 719-720, fn. 6 [34 Cal.Rptr.2d 898, 882 P.2d 894].)

[4]The remarks of the trial judge made at the time of his ruling are revealing:

"I feel a responsibility to try to do the right thing consistent with that statute. And I'm very concerned with whether or not it is fair to the Plaintiff to be deprived of that opportunity, considering the manner—the trial date wasn't even set from the time of the status conference more than nine months away. . . . [¶] . . . . I have no doubt that this is the right thing to do. I just don't have a great deal of confidence that an appellate court will see it the way I see it. But I'm going to do what I think is right, under the circumstances. . . . [B]ased on the circumstances in this case, I find that—and I do believe there are cases which have provided and talk about the inherent difficulties when the fast track rules or the delay reduction rules are implemented, in meeting the requirements, the time requirements, of the statute. So, all in all, I'm prepared to grant the motion for leave to file the amended complaint. But, to do that, I will have to vacate the 5/10/95 trial date and continue the trial date over into October."

we issued an alternative writ on August 1, 1995, and set the matter for hearing.[5]

## ISSUE PRESENTED

The single issue presented to us for resolution is whether the trial court has the discretion, under any circumstances, to relieve a party from the nine-month time limitation set out in section 425.13.

## DISCUSSION

### 1. *Standard of Review*

We are interpreting and applying a statute to an essentially undisputed factual circumstance. This presents an issue of law which is subject to de novo review. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)

█ In making such interpretation it is our burden to first ascertain the intent of the Legislature in order to ensure that we effectuate the purpose of the law. (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 484 [208 Cal.Rptr. 724, 691 P.2d 272].) Every statute should be construed and applied "with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." (*Travelers Indemnity Co.* v. *Gillespie* (1990) 50 Cal.3d 82, 100 [266 Cal.Rptr. 117, 785 P.2d 500]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In doing so, we should seek to avoid absurd or anomalous results. (*People* v. *Gonzalez* (1990) 51 Cal.3d 1179, 1221 [275 Cal.Rptr. 729, 800 P.2d 1159].)

### 2. *The Legislative Purpose of Section 425.13*

█ Section 425.13, subdivision (a) was enacted amid concern over the routine inclusion of sham punitive damage claims in medical malpractice actions. It apparently seeks to alleviate this problem by shifting to the plaintiff the procedural burden that would otherwise fall on the defendant to

---

[5]On August 30, 1995, after issuance of the alternative writ, the trial court purported to vacate its earlier order of March 1, 1995, which is subject of the pending petition. However, such fact was never communicated to this court; and counsel for both parties appeared for oral argument on the assumption that the issue was still before this court. In light of such circumstances we will ignore the trial court's order of August 30 and proceed to decide this case on the merits as though such order had not been issued.

remove a "frivolous" or "unsubstantiated" claim early in the suit. (*College Hospital, Inc.* v. *Superior Court, supra,* 8 Cal.4th at p. 717.) "Rather than requiring the *defendant* to defeat the plaintiff's pleading by showing it is legally or factually meritless, the motion [to amend to add punitive damage allegations] requires the *plaintiff* to demonstrate that he possesses a legally sufficient claim which is 'substantiated,' that is, supported by competent, admissible evidence." (*Id.* at p. 719, italics added.)

We have previously addressed the general issue presented by the instant petition. In *Looney* v. *Superior Court* (1993) 16 Cal.App.4th 521 [20 Cal.Rptr.2d 182], we had occasion to consider the Legislature's purpose in imposing the nine-month minimum and two-year maximum time limits which are peculiar to section 425.13.[6] ■ "Beyond doubt, the legislative purpose behind section 425.13 was to shelter health care providers from the need to defend against punitive damage claims which have no substance. Unfortunately, the legislative history of the statute contains no explanation for the time limitations which were adopted. However, from the language used in the statute, we can reasonably infer that the Legislature provided the nine months prior to trial limitation for at least two important reasons: (1) to provide a health care defendant with adequate notice of the claim and an ample period to conduct appropriate discovery and (2) to prevent the 'last minute' insertion of a punitive damages claim into a case that has been prepared for trial without consideration of that issue. The adverse impact of such a tardy assertion on both trial preparation and settlement negotiations is obvious. Similarly, the outside limit of two years from the filing of the complaint also prevents the delayed assertion of a claim for punitive damages in a case where the issues and discovery requirements are likely to have become fixed. That such time period limitations might have unintended consequences or might not always achieve a fair result, does not deter us from our conclusion that these were the reasons for including them in the statute." (16 Cal.App.4th at pp. 532-533, fns. omitted.)

### 3. *Where It Is Not Reasonably Possible for a Plaintiff to Comply With the Nine-month Limitation Period in Section 425.13, the Trial Court Has the Discretion to Fashion a Remedy*

■ Pittman contends: (1) due to local "fast track" rules, she did not have a full nine-month notice of the trial date because the court, on August 25,

---

[6]Similar prepleading hurdles which have been enacted by the Legislature (e.g., punitive damage claims against religious corporations [§ 425.14] and complaints against attorneys charged with engaging in a civil conspiracy with a client [Civ. Code, § 1714.10]) contain no such time limitations.

1994, set a trial date of May 10, 1995, fifteen days less than the nine-month period in section 425.13; and (2) because of delays in taking Goodstein's deposition, she did not have sufficient evidence to support the allegation of punitive damage until February 1995, approximately three months before the first assigned trial date.

Pittman relies on *Looney v. Superior Court, supra,* 16 Cal.App.4th 521, our decision where we held the time limitations established in section 425.13 may be inapplicable when the plaintiff is entitled to trial preference under section 36. In *Looney,* we were faced with a situation where recognition of the rights granted under one statute could be obtained only by loss of the benefits conferred by another. We commented that the ". . . conflict is particularly exacerbated in this case because petitioners, through no fault of their own, did not even have a real or fair opportunity to make their own choice as to which statutory path they preferred. [¶] In order to avoid such an unfair and unjust result we hold that the nine-month time limit should not be applied in this case to bar the consideration and, if appropriate, the granting of petitioners' motion to amend their pleadings. To conclude otherwise would require an application of these two statutes in a manner which produces an absurd and clearly anomalous result. This we must avoid. [Citations.] We cannot blindly apply the 'plain meaning' rule of statutory construction where the obvious consequence is to defeat the central objective of the legislation. [Citations.] [¶] As we have noted, the underlying purpose of section 36 is to insure an opportunity for an early trial date for a terminally ill party while the objective of the time limitation in section 425.13 is to provide not only a reasonable period of notice as to a punitive damage claim, but also to avoid the consequent adverse impact on trial preparation and potential settlement negotiations of the tardy assertion of such a claim." (16 Cal.App.4th at pp. 535-536.)

In order to receive the trial preference to which the court found the *Looney* plaintiffs entitled, they would have been required to abandon the request for punitive damages, a major portion of their claim, if section 425.13 had been applied literally. *Looney* therefore established an implied exception to the time requirements of section 425.13 under the particular facts in that case. (16 Cal.App.4th at pp. 533-537.) We noted that the court must attempt to harmonize the application of the two statutes on a case-by-case basis. (*Id.* at p. 533, fn. 15.)

The essence of our holding in *Looney, supra,* was that the plaintiff was placed in an impossible situation by the intersection of two apparently conflicting statutes. (16 Cal.App.4th at p. 537.) We therefore implied an

exception to section 425.13 that permitted the trial court to grant a motion to add punitive damage allegations less than nine months prior to the first assigned trial date where (1) it was *necessary* to protect a plaintiff's right to a preferential trial date *and* (2) the defendant receives or has had a reasonable opportunity to conduct discovery regarding the punitive damage claim. (16 Cal.App.4th at p. 536.)

Pittman contends that she is in much the same situation as the *Looney* plaintiffs, except that she claims her problem arises from the trial court's premature assignment of the initial trial date; it was that circumstance, rather than the operation of two conflicting statutes, which made her compliance impossible. In *Brown* v. *Superior Court* (1990) 224 Cal.App.3d 989 [274 Cal.Rptr. 442], the court was faced, as are we, with a "fast track" early trial assignment which allegedly impacted the plaintiff's ability to make a timely motion under section 425.13. In *Brown*, the plaintiff filed a motion to amend four months before the date set for trial. She argued the time limits of section 425.13 should not apply to fast track cases where the trial date is assigned quickly after the case is at issue, contending the fast track provisions prevented a plaintiff from complying with the nine-month rule. However, in *Brown*, there was an *11-month* period between the trial setting date and the trial date; and the plaintiff knew the facts supporting punitive damages 11 months before the trial date and failed to file the section 425.13 motion at that time. (224 Cal.App.3d at pp. 992-994.) *Brown* held the trial court erred in granting relief from the nine-month deadline where the statute mandates an untimely motion *shall* be denied. (*Id.* at p. 994.)

However, the *Brown* court recognized that a situation might arise, where an assignment of a trial date might be made in less than nine months *after the filing of the complaint*. In such event, the court held, a trial court "has the flexibility at trial setting to accommodate a party in such a predicament." (224 Cal.App.3d at p. 994.)

This case appears to be more similar to *Brown* than *Looney*. Goodstein argues that under *Brown* Pittman was required to advise the court *at the trial setting conference* of her need for enough time prior to trial to enable her to comply with section 425.13, yet she said nothing. There is considerable merit to this argument. However, given the manner in which the trial setting conference was handled, a fact which clearly disturbed the trial court,[7] it is not entirely clear to us that, had Pittman's counsel made such a request, it would have made any difference.

---

[7] When the trial judge was informed by Pittman's counsel at the March 1, 1995, hearing on her motion to amend to allege punitive damage allegations that the trial setting clerk (on

If in fact a plaintiff, by virtue of the quick trial setting practices of "fast track" courts, is placed in a position where she cannot reasonably comply with the narrow time limits set out in section 425.13, then surely the court must retain the inherent power and authority to make an appropriate order to avoid injustice or unfairness. Given the rationale of *Looney* and the recognition of *Brown* that a plaintiff cannot be allowed to suffer unfairly due to matters beyond his or her control, we have no trouble holding that the trial court has the power to make such orders as will reasonably avoid such a result, while at the same time remaining faithful to the underlying purposes of section 425.13.

In the context of the factual circumstances presented by this case, we believe Pittman must be able to show, in order to be entitled to such relief, that (1) she was unaware of the facts or evidence necessary to make a proper motion under section 425.13 more than nine months prior to the first assigned trial date, (2) she made diligent, reasonable and good faith efforts to discover the necessary facts or evidence to support such a motion more than nine months prior to the first assigned trial date, (3) after assignment of the trial date she made reasonable, diligent and good faith efforts to complete the necessary discovery, (4) she filed her motion under section 425.13 as soon as reasonably practicable after completing such discovery (but in no event more than two years after the filing of her initial complaint) *and* (5) Goodstein will suffer no surprise or prejudice by reason of any shortened time period and will be given every reasonable opportunity to complete all necessary discovery in order to prepare to meet Pittman's punitive damage allegations.

We cannot tell from the state of this record whether Pittman has or can satisfy any or all of these criteria. These are factual issues which are not fully addressed in the papers before us and were not specifically considered by the trial court when it made its ruling to grant Pittman's motion. In order to justify the relief which we would allow by this decision, Pittman bears a heavy burden. Relief from the time limits specified in section 425.13 should be granted only in those situations where a plaintiff has moved with reasonable dispatch and diligence and, through no fault of his or her own, has been placed in a position where compliance with the nine-month time mandate is impossible or reasonably impracticable. Upon remand, the trial court will have to examine the court file in this case and the declarations and other evidence submitted by the parties and make specific findings on each of the five criteria specified above. Only in the event that Pittman can satisfy them

---

August 24, 1994) stated that she would set a trial date in spite of the fact that the case was not "at issue," he commented, "That's what's wrong with that system."

all, by a preponderance of the evidence, will it be proper for the court to grant her motion to amend.

## DISPOSITION

The alternative writ is discharged. A peremptory writ shall issue directing the trial court to vacate its order of March 1, 1995, and to conduct further proceedings not inconsistent with the views expressed herein.

Klein, P. J., and Kitching, J., concurred.