[No. A080011. First Dist., Div. Five. June 9, 1998.]

CRAIG BATTUELLO, Plaintiff and Appellant, v.
ELLEN BATTUELLO, Individually and as Trustee, etc., et al., Defendants
and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II.C. and II.D.

## COUNSEL

Shannon Richards, Steefel, Levitt & Weiss, Ronald Larson and Lisa M. Carvalho for Plaintiff and Appellant.

James R. Rose for Defendants and Respondents.

## OPINION

**PETERSON, P. J.**—Appellant Craig Battuello filed a complaint against his mother, both individually and in her capacity as trustee of a family trust, and against his deceased father's estate, seeking to establish an interest in a Napa County vineyard that he claimed his father had promised to give to him. Appellant's mother, acting individually, as trustee of the trust, and apparently on behalf of her husband's estate, demurred to the complaint, arguing

they were entitled to prevail, as a matter of law, because the complaint was barred by the statute of limitations. The trial court agreed and sustained the demurrer without leave to amend. Appellant now appeals from the ensuing judgment claiming the trial court interpreted the applicable statute of limitations incorrectly. We agree and will reverse the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

█    Since this is an appeal from a judgment entered after a demurrer, we must treat the allegations of the complaint as true. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) So construed, the facts of this case are as follows.

Appellant has, for many years, worked on the family vineyard located in the Napa Valley. Ever since appellant was a young boy, his father, Dominic, and his mother, Ellen, told appellant repeatedly that they would give him the vineyard when Dominic died. In reliance on those promises, appellant went to college to learn the formal aspects of running a business; and from 1970 through 1995, appellant farmed and managed the vineyard.

In 1988, Dominic and Ellen executed a trust which specified that appellant would receive the vineyard upon the death of the survivor of Dominic and Ellen.

Dominic died on December 10, 1995. Shortly thereafter, appellant learned that in 1994, Dominic and Ellen had executed another trust and related documents (the 1994 trust) which stated that appellant would not receive the vineyard as he had been promised.

Appellant objected when he learned the terms of terms of the 1994 trust, and he entered into settlement negotiations with his mother and her legal advisers. As a result of those negotiations, Ellen promised appellant he would receive the vineyard by no later than the end of 1996. In reliance on those promises, appellant refrained from making any objection when Ellen filed a petition in the superior court to confirm that the 1994 trust had title to the vineyard. In December 1996, the court did, in fact, rule that the trust had title to the vineyard pursuant to the 1994 trust document.

Shortly thereafter, Ellen repudiated the settlement agreement; and she took the position that appellant did not have any right to the vineyard other than that to which he might be entitled pursuant to the 1994 trust. Faced with this breach of the settlement agreement, and the potential loss of the vineyard, appellant filed the present complaint against Ellen, both individually and in her capacity as trustee of the trust, and against Dominic's estate.

The individual causes of action will be set forth in more detail below, but the thrust of the complaint was clear: Appellant sought to enforce his father's promise to give him the vineyard when he died.

Ellen, acting individually, as trustee of the trust, and apparently on behalf of Dominic's estate, demurred to the complaint arguing they were entitled to prevail, as a matter of law, because the action was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 366.2 (section 366.2). The trial court agreed and sustained the demurrer without leave to amend. This appeal followed.

## II. DISCUSSION

### A. *Applicability of Section 366.2*

The first issue is whether the trial court properly ruled that the statute of limitations set forth in section 366.2, which governs causes of action that exist at the time of a person's death, was applicable in this case. That section states, in pertinent part, "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." (*Id.*, subd. (a)(1).)

Appellant contends that section 366.2 cannot be applied to a cause of action alleging a contract to make a will because, as a general rule, such a cause of action does not come into existence until after the promisor has died (see *In re Marriage of Edwards* (1995) 38 Cal.App.4th 456, 460 [45 Cal.Rptr.2d 138]); and therefore, the cause of action neither "accrue[s]" prior to the promisor's death nor "survives" his death.

We reject the argument. While appellant correctly cites the general rule, an exception exists where the promisor has made an inter vivos transfer of property specifically covered by the contract. (See *Brown* v. *Superior Court* (1949) 34 Cal.2d 559, 564 [212 P.2d 878]; *Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 593 [2 Cal.Rptr. 609, 349 P.2d 289].) In that situation, the promisee may seek equitable relief against the promisor during the promisor's lifetime. (*Ibid.*; see also *Westbrook* v. *Superior Court* (1986) 176 Cal.App.3d 703, 711 [222 Cal.Rptr. 317].) The exception applies in this case. Appellant alleges in his complaint that, in 1994, Dominic transferred the vineyard into a trust in such a way that appellant would no longer receive

the property as he had been promised. Since Dominic allegedly made an inter vivos transfer of the vineyard, appellant had a cause of action against him prior to his death.[1] Since such a cause of action existed, section 366.2 applied to this case.

## B. *Equitable Estoppel*

In the trial court, appellant argued that even if the statute of limitations set forth in section 366.2 applied, respondents should be equitably estopped from asserting that statute as a defense. The trial court rejected this argument based on section 366.2, subdivision (a)(2) that states, "The limitations period provided in this section for commencement of an action is not tolled or extended for any reason." Appellant now claims the court incorrectly concluded the quoted language prevented it from applying the principles of equitable estoppel. We agree.

While section 366.2 clearly states that the one-year statute of limitations set forth therein may not be "tolled" or "extended," it says nothing about equitable estoppel. ▮ The doctrines are distinct. As one court noted in a similar context, "Tolling, strictly speaking, is concerned with the point at which the limitations period begins to run and with the circumstances in which the running of the limitations period may be suspended. These are matters in large measure governed by the language of the statute of limitations itself . . . . Equitable estoppel, however, is a different matter. It is not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. Its application is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to

---

[1] At oral argument, appellant claimed, for the first time, that a cause of action did not exist against Dominic during his lifetime because the 1994 trust was revocable; and thus, appellant did not suffer any harm when the vineyard was transferred to the trust. This argument contradicts the allegations appellant made in his complaint that Ellen was granted an unlimited power of appointment under the terms of the 1994 trust, and that as a result, appellant could not be assured of receiving the vineyard as he had been promised. Since we are reviewing the legal sufficiency of the complaint (not counsel's arguments on appeal), we deem the latter allegations controlling.

Furthermore, to the extent the terms of the 1994 trust could only potentially harm appellant, section 366.2 governs causes of action that exist at the time of a person's death "whether accrued or not accrued." Thus, even if no cause of action had accrued prior to Dominic's death, section 366.2 was still applicable.

profit from his own wrongdoing in a court of justice. Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed." (*Bomba* v. *W. L. Belvidere, Inc.* (7th Cir. 1978) 579 F.2d 1067, 1070.)

A similar distinction was applied recently in *Juran* v. *Epstein* (1994) 23 Cal.App.4th 882 [28 Cal.Rptr.2d 588], where the issue was whether an oral contract to make a will was enforceable despite language in Probate Code section 150 which places strict limits on such contracts. The court, after examining the language of the statute and its legislative history, concluded the principles of equitable estoppel applied: "[C]ourts should not presume the Legislature intended 'to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.' [Citations.] The Legislature could have easily stated it intended to abrogate long-established equitable principles. It did not do so." (*Juran, supra,* at p. 896; see also *Estate of Housley* (1997) 56 Cal.App.4th 342, 353-354 [65 Cal.Rptr.2d 628].)

■ We reach the same conclusion here. While section 366.2, subdivision (a)(2) clearly shows the Legislature intended that the statute of limitations set forth therein not be "tolled" or "extended," the statute says nothing about equitable estoppel. In the absence of such language, or legislative history suggesting that was what the Legislature intended (respondents have cited none), we conclude the doctrine still applies.

· ■ Having reached that conclusion, we agree appellant has alleged sufficient facts to come within the doctrine. Appellant claims that during the settlement negotiations which followed his father's death, Ellen convinced him not to file a timely suit by telling him that he would receive the vineyard. By the time appellant learned Ellen's promise was false, the statute of limitations had passed. We conclude these allegations were sufficient to support a claim of equitable estoppel. (Cf. *Katz* v. *A. J. Ruhlman & Co.* (1945) 69 Cal.App.2d 541 [159 P.2d 426] [Where the probate administrator told the defendant it need not file a formal claim, the administrator was equitably estopped from refusing payment because no claim was filed.].)

C., D.*

. . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 842.

III.  DISPOSITION

The judgment is reversed.

Haning, J., and Jones, J., concurred.

Respondents' petition for review by the Supreme Court was denied August 26, 1998.