[No. A084404. First Dist., Div. One. July 22, 1999.]

MARION Z. BRADLEY et al., Cross-complainants and Appellants, v. MOIRA BREEN, as Personal Representative, etc., et al., Cross-defendants and Respondents.

COUNSEL

Caudle, Welch, Umipeg & Bovee, John P. Caudle and M. Henry Walker for Cross-complainant and Appellant Marion Z. Bradley.

Haims, Johnson, MacGowan & McInerney, Lawrence A. Baker and Edward C. Schroeder, Jr., for Cross-complainant and Appellant Elizabeth Waters.

Jonathan S. Chase for Cross-defendant and Respondent Moira Breen.

Arthur R. Abelson for Cross-defendant and Respondent Patrick Breen.

OPINION

**STRANKMAN, P. J.**—With limited exceptions, the statute of limitations in Code of Civil Procedure section 366.2 (hereafter section 366.2) governs causes of action against a decedent that existed at the time of death, "whether accrued or not accrued." We conclude in this appeal that section 366.2 barred a cross-complaint against a decedent's estate for equitable indemnity, despite the ordinary rule that an indemnity action does not accrue for statute of limitations purposes until a tort defendant pays a judgment or settlement for which that defendant is entitled to indemnity.

### FACTUAL AND PROCEDURAL BACKGROUND

The essential facts are uncomplicated and undisputed. In June 1990, Walter Breen entered a guilty plea in a case involving a charge of lewd acts with a minor. Sometime during that same year, Kenneth S., then a minor, filed a civil action against Breen, alleging sexual molestation. In April 1993, Breen died in prison. In July 1993, an order for probate was filed, naming Moira Breen and Patrick Breen personal representatives of Breen's estate.

Almost four years after Breen's death, in January 1997, Kenneth S. filed a personal injury action against appellants Marion Z. Bradley and Elizabeth Waters, alleging, among other matters, that they aided and abetted in Breen's molestation of him and seeking damages under various legal theories.[1] Kenneth S. alleged in part that he was not aware of appellants' complicity in causing his injuries until February of 1996, because of repressed memory syndrome related to the childhood sexual abuse.

Appellants cross-complained against Breen's estate and others for indemnification, apportionment of fault, and declaratory relief. The estate filed a

---

[1]According to the second amended complaint filed by Kenneth S., appellant Bradley is decedent Breen's former wife.

demurrer to the cross-complaint based on the statute of limitations in section 366.2. The trial court sustained the demurrer without leave to amend and dismissed the cross-complaint as against the estate and its personal representatives. Both Waters and Bradley have appealed; Bradley has joined in and adopted by reference the briefs filed by Waters.

DISCUSSION

A. *Introduction*

When the Legislature repealed and reenacted the Probate Code in 1990, it included significant changes intended to ensure that reasonably ascertainable creditors of a decedent receive constitutionally sufficient notice of the estate proceeding and to provide creditors with more latitude in filing a late claim. (See *Clark* v. *Kerby* (1992) 4 Cal.App.4th 1505, 1510-1512 [6 Cal.Rptr.2d 440]; *Interinsurance Exchange* v. *Narula* (1995) 33 Cal.App.4th 1140, 1144-1146 [39 Cal.Rptr.2d 752]; Stats. 1990, ch. 79, p. 458.) At about the same time, in conjunction with those changes, the Legislature amended Code of Civil Procedure former section 353 to provide for a statute of limitations of one year from the date of death for claims against the decedent that survive the death. (Stats. 1990, ch. 140, § 1, p. 1171.)

The 1990 California Law Revision Commission (Commission) recommendation for enactment of that one-year limitations period explained in part that such a statute would effectuate the strong public policies of expeditious estate administration and security of title for distributees, is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor, is an appropriate period to afford repose, and provides a reasonable cutoff for claims that soon would become stale. (Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) pp. 512-513.)

According to the Commission, recommendation of the one-year period was based on several considerations: "(1) In estate administration, all debts are ordinarily paid. Even under the existing four-month claim period it is unusual for an unpaid creditor problem to arise. A year is usually sufficient time for all debts to come to light. Thus it is sound public policy to limit potential liability to a year; this will avoid delay and procedural complication of every probate proceeding for the rare claim that might arise more than a year after the decedent's death. [¶] (2) The one year limitation period would not apply to special classes of debts where public policy favors extended enforceability. These classes are (i) secured obligations, (ii) tax claims, and (iii) liabilities covered by insurance. The rare claim that may

become a problem more than a year after the decedent's death is likely to fall into one of these classes. [¶] (3) Every jurisdiction of which the Commission is aware that has considered the due process problem addressed by the recommendation, including the Uniform Probate Code, has adopted the one-year statute of limitations as part of its solution. [¶] In sum, a general limitation period longer than one year would burden all probate proceedings for little gain. The one-year limitation period is a reasonable accommodation of interests and is widely accepted." (Recommendation Relating to Notice to Creditors in Estate Administration, *supra*, 20 Cal. Law Revision Com. Rep. (1990) p. 513; fns. omitted.)

Section 366.2 restates without substantive change the one-year limitation of former section 353. (See Stats. 1992, ch. 178, §§ 6, 8, p. 887; *Burgos* v. *Tamulonis* (1994) 28 Cal.App.4th 757, 759, fn. 2 [33 Cal.Rptr.2d 728].) The version of section 366.2 in effect when appellants filed their cross-complaint provided in relevant part:

"(a) Except as provided in subdivisions (b) and (c):

"(1) If a person against whom an action may be brought on a liability of the person, *whether arising in contract, tort, or otherwise, and whether accrued or not accrued,* dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

"(2) The limitations period provided in this section for commencement of an action is not tolled or extended for any reason.

"(b) This section is subject to:

"(1) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents).

"(2) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims . . . from revocable trust of deceased settlor).

"(3) Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses)." (Stats. 1996, ch. 862, § 1, italics added.)[2]

Under the Legislature's statutory scheme, section 366.2 may be tolled for a limited period of time by the timely filing of a creditor's claim or a petition

---

[2]The statute was amended slightly in 1998, apparently to clarify that the one-year limitations period may be tolled under certain circumstances. In pertinent part, it now reads: "(a) If

to file a late claim, among other proceedings. (See Prob. Code, §§ 9352, 9353, 9256; *Anderson* v. *Anderson* (1995) 41 Cal.App.4th 135, 138 [48 Cal.Rptr.2d 642]; see also Ross & Moore, Cal. Practice Guide: Probate (The Rutter Group 1998) ¶¶ 8:19.3, 8:99.1.) **(1)** Moreover, when the decedent's representative has induced a claimant not to file a suit within the limitations period of section 366.2, the doctrine of equitable estoppel may be applied to toll the statute. (See *Battuello* v. *Battuello* (1998) 64 Cal.App.4th 842, 847-848 [75 Cal.Rptr.2d 548].)

The Legislature has also enacted specific exceptions to section 366.2. The statute does not apply to actions on insured claims. (Prob. Code, §§ 550-555.) Probate Code section 551 provides: "Notwithstanding Section 366.2 of the Code of Civil Procedure, if the limitations period otherwise applicable to the action has not expired at the time of the decedent's death, an action under this chapter may be commenced within one year after the expiration of the limitations period otherwise applicable." A similar exception appears in Probate Code section 9391, which authorizes actions by a lienholder to judicially enforce a lien against property; that statute states in relevant part: "Section 366.2 of the Code of Civil Procedure does not apply to an action under this section."

### B. *Appellants' Cross-complaint Is Barred by Section 366.2*

■ With that background, we turn to appellants' contentions. Initially appellants argue that section 366.2 applies only to "direct actions," not to cross-complaints, but they cite no authority supporting that reading of the statute.

Section 366.2 refers without qualification or restriction to "an action" on a liability of the decedent, whether arising in contract, tort, or otherwise. "Except with respect to the requirement of one final judgment, an action on a cross-complaint is considered a separate action in which the original defendant is the plaintiff." (*Rethers* v. *Rethers* (1956) 140 Cal.App.2d 28, 30 [294 P.2d 968].) When the Legislature intends to draw a distinction for statute of limitations purposes between direct actions, including direct actions for indemnity, and cross-complaints for indemnity, it has done so

---

a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply. [¶] (b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable: [¶] (1) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents)." (Stats. 1998, ch. 581, § 1.)

explicitly. (See Code Civ. Proc., § 337.15, subd. (c); *Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 609-611 [189 Cal.Rptr. 871, 659 P.2d 1160].) ■ The Legislature made no such distinction in section 366.2, and a court construing a statute is not authorized to insert qualifying provisions or exceptions not included by the Legislature or to rewrite the statute to conform to some assumed intention that does not appear from its language. (*Napa Valley Wine Train, Inc.* v. *Public Utilities Com.* (1990) 50 Cal.3d 370, 381 [267 Cal.Rptr. 569, 787 P.2d 976].)

■ Appellants then insist that section 366.2 should not apply to a claim for equitable indemnity. They rely on the well-settled rules that a tort defendant's indemnity action does not accrue for statute of limitations purposes until that defendant pays a judgment or settlement as to which he or she is entitled to indemnity (*Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d at p. 611), and that a tort defendant may retain the right to seek equitable indemnity from another tortfeasor even if the plaintiff's action against the cross-defendant is barred by the statute of limitations. (*Crouse* v. *Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509, 1543 [80 Cal.Rptr.2d 94].)

What appellants do not mention, however, is that notwithstanding the ordinary rule on accrual of indemnity actions, the Legislature specified with its 1996 amendment to section 366.2 that the statute applies to actions on a liability "whether accrued or not accrued." (Stats. 1996, ch. 862, § 1.)[3] We may not disregard that clear language. It is elementary that the objective of statutory interpretation is to ascertain and effectuate legislative intent. The first step in determining that intent is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Hughes* v. *Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775 [72 Cal.Rptr.2d 624, 952 P.2d 641].) If there is no ambiguity in the statutory language, a court must presume that the Legislature meant what it said, and the plain meaning of the statute governs. (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].) ■ We must also presume that the Legislature was well aware of the usual rules on accrual of actions, including actions for equitable indemnity, when it amended section 366.2. (See *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978 [140 Cal.Rptr. 669, 568 P.2d 394] [Legislature is presumed to have enacted legislation with existing law in mind].) Accordingly, the only conclusion possible from the

---

[3]At the same time, the Legislature amended Probate Code section 9000 by adding the phrase "accrued or not accrued," so that it now provides in pertinent part: "As used in this division: [¶] (a) 'Claim' means a demand for payment for any of the following, whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated: [¶] (1) Liability of the decedent, whether arising in contract, tort, or otherwise." (Stats. 1996, ch. 862, § 17.)

plain and unambiguous language of section 366.2 is that it applies to bar appellants' action for equitable indemnity, regardless of whether that action has accrued under ordinary rules applicable to such claims. (See *Battuello* v. *Battuello*, *supra*, 64 Cal.App.4th at p. 847, fn. 1.)

Appellants insist that it is inequitable to apply section 366.2 under the facts here because they could not have filed their cross-complaint any sooner. They reason that the extended statutes of limitations for molestation actions enabled Kenneth S.'s complaint against them to be filed well after Breen died; by then, it was impossible for them to cross-complain against his estate within the time allowed by section 366.2.

A similar argument about the unfairness of applying Code of Civil Procedure former section 353 was acknowledged but rejected in *Dawes* v. *Rich* (1997) 60 Cal.App.4th 24 [70 Cal.Rptr.2d 72]. In that case, the husband was sued and the litigation went on for years. His wife died at least two years before the plaintiffs obtained the first of several judgments against him. Eventually the plaintiffs sought a declaration that the wife's estate was subject to their judgments. The *Dawes* court held that a decedent wife's estate is liable for community debts incurred by a surviving spouse, but that the plaintiffs' action was untimely because the estate's liability was subject to Code of Civil Procedure former section 353. The plaintiffs argued that the protracted nature of their litigation against the husband made application of the statute of limitations particularly unfair to them. The *Dawes* court acknowledged that argument, but explained that in adopting the limitations period, the Legislature plainly recognized the risk that in unusual circumstances creditors would not be able to bring an action within one year of death. Given the history of the statute, the court could not relieve the plaintiffs from its operation. (*Dawes, supra*, at pp. 32-36.) Nor can we do so in this appeal.

Our Supreme Court has noted that irrespective of the equities between or among multiple tortfeasors, the right of indemnity is subject to qualification, and countervailing considerations may limit recovery. Public policy considerations may override the general goal of equitable allocation of loss and require imposing some limitation on the right to indemnity in certain circumstances. (*Western Steamship Lines, Inc.* v. *San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 109-111 [32 Cal.Rptr.2d 263, 876 P.2d 1062].) With section 366.2, the Legislature has made a public policy determination that effectively limits or qualifies the right of indemnity. The Legislature has determined that the one-year statute of limitations will best effectuate the strong public policy of expeditious and final estate administration, despite the possibility that in a rare case such as the present one, an action for

equitable indemnity may be foreclosed. This court has neither the authority nor the inclination to substitute its judgment for that of the Legislature on such policy matters. Our limited role in interpreting statutes is to follow the Legislature's intent as exhibited by the plain meaning of the statutory language, whatever we may think of the wisdom, expediency, or policy underlying the act. (*People* v. *Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313]; *California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)

Finally, appellants have made two additional arguments that merit only brief mention. They offer a confusing argument that section 366.2 should not apply because the personal representatives did not serve them with notice of the administration of the estate and are therefore personally liable for their claim under Probate Code section 9392. The argument suffers from several flaws, perhaps the most glaring of which is the explicit proviso in Probate Code section 9392 itself that any action against the personal representatives under its terms must be commenced *before* the statute of limitations under section 366.2 has expired. (Prob. Code, § 9392, subd. (a)(3).)

Appellants also suggest that they should have been permitted to amend their complaint to state a cause of action for which decedent Breen had insurance, as section 366.2 does not apply to such claims. (See Prob. Code, § 550 et seq.) But appellants have made no showing that decedent had any insurance that would cover any of the claims at issue, and they have not sustained their burden to prove the reasonable probability that the defects in their cross-complaint could be cured by amendment. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318-319 [216 Cal.Rptr. 718, 703 P.2d 58].)

The judgment is affirmed.

Swager, J., and Marchiano, J., concurred.