126 Cal.Rptr.2d 238 (2002)
102 Cal.App.4th 1201
ESTATE OF Clifford James ROBERSON, Jr., Deceased.
Ruth E. Carpontier, Petitioner and Appellant,
v.
Pauline Roberson, Objector and Respondent.
No. H023665.
Court of Appeal, Sixth District.
October 16, 2002.
Review Denied January 15, 2003.[*]
*239 William K. Wilburn, Saratoga, Attorney for Petitioner and Appellant: Ruth E. Carpontier.
Michael Patiky Miller, Weinberg, Ziff & Miller, Palo Alto, Attorneys for Objector and Respondent: Pauline Roberson.
BAMATTRE-MANOUKIAN, Acting P.J.
Clifford Roberson promised his companion of twenty years, Ruth Carpontier, that he would provide support for her for the rest of her life and that he would leave her the home they shared in his will. He wrote and executed a will leaving her all his worldly possessions, including the home, and naming her executor. Upon his death she probated the will and it was contested by Roberson's mother and was eventually found to be invalid because it was not properly witnessed. Carpontier *240 then filed a petition in the probate seeking imposition of a constructive trust, and alleging breach of an oral contract for support and breach of an oral contract to make a will and other related claims.
Code of Civil Procedure section 366.2 (hereafter, section 366.2) provides that "[i]f a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." (§ 366.2, subd. (a).) Since the will contest did not conclude until more than a year after Roberson's death, Carpontier did not bring this action until after that time. Applying section 366.2, the court below dismissed Carpontier's probate petition on the ground that it was brought more than a year after Roberson's death.
On appeal Carpontier seeks to avoid the bar of section 366.2 by contending that no action against Roberson or his estate could be brought until the will, under which she claimed entitlement to the property, was declared invalid. We are inclined to agree. The language of section 366.2 indicates that it was intended to apply to liabilities existing at the time of death that survive the death. No cause of action existed here at the time of Roberson's death as there had been no breach of his promises to provide for Carpontier's support and to leave her the home. And even if we were to find that the statute commenced to run upon Roberson's death, Carpontier's actions in filing the will for probate and resisting the will contest were sufficient to invoke the doctrine of equitable tolling.
We find therefore, under the particular circumstances of this case, that Carpontier's action is not barred by the statute of limitations in section 366.2. Accordingly we reverse the court's judgment of dismissal and order the matter remanded so that Carpontier can litigate her claims against the estate.

BACKGROUND
Roberson and Carpontier lived together as a couple for 20 years. They did not marry, in part because Carpontier had not procured a divorce from her previous husband, whom she had difficulty locating. However, they professed their love for each other and enjoyed a relationship of trust and confidence. Roberson provided for their living expenses and Carpontier devoted herself to taking care of the home. In addition, she provided companionship for Roberson and took care of him when he was sick. She also refrained from obtaining training, education and employment during the time the couple lived together. Roberson promised her many times that he would take care of her for the rest of her life, and that she would always have a roof over her head because he would leave the house to her when he died. He told her he would draft and execute a will leaving her everything.
Consistent with these promises, Roberson drafted a will in 1991. It provided that all of his property, including the home they shared, be distributed to Carpontier, if she survived him. If she did not survive him, all of his property was to be distributed to his mother, Pauline Roberson. Carpontier was named executor. Roberson signed this will on September 28, 1991. However, he did not have it witnessed at the time. Years later, a Hospice worker told him he had to have witnesses for a valid will. He arranged for two witnesses, who witnessed the will and affixed their *241 signatures, dated January 24, 2000.[1] Roberson died approximately a month later, on February 27, 2000.
Carpontier filed a petition for probate of the will on April 20, 2000. Pauline Roberson contested the will and the will contest culminated on May 18, 2001, in a ruling by the court that the will offered for probate by Carpontier was legally defective for lack of due execution in accordance with Probate Code section 6110, subdivision (c). Pauline Roberson then filed a petition to probate a previous will, in which Roberson had left the home to her. That petition was granted and an administrator was appointed.
On June 4, 2001, Carpontier filed a petition in probate court alleging breach of a fiduciary duty, breach of an oral support contract, and breach of an oral contract to make a will, and seeking declaratory and injunctive relief, quantum meruit damages, and imposition of a constructive trust. She alleged that she had relied on Roberson's promises by devoting 20 years of her life to their relationship and by refraining from establishing any employment career for herself. She alleged she was 63 years old, in poor health, unemployable and had no place to live. She alleged that the breaches of promise and breach of fiduciary duties occurred May 18, 2001, when she was prevented by the court's ruling on the will contest from receiving Roberson's property as he had intended and had represented to her.
Pauline Roberson filed a reply to Carpontier's petition and sought to dismiss it with prejudice on grounds that it was barred by the applicable statute of limitations contained in section 366.2. The court filed an order July 26, 2001, granting the request to dismiss Carpontier's petition without leave to amend, finding that it was "barred by the one-year statute of limitations contained in Code of Civil Procedure § 366.2, as her Motion's June 4, 2001 filing date exceeds one year from Decedent Clifford James Roberson February 27, 2000 death." A judgment of dismissal was filed August 17, 2001. This appeal by Carpontier followed.

DISCUSSION
Appellant's pleading in this case, although denominated a "Petition" in the probate matter is in the nature of an action against the estate, containing various causes of action: for injunctive and declaratory relief, for imposition of a constructive trust, for quantum meruit, and for damages for breaches of promises and fiduciary duties. Respondent's "Reply" and request for dismissal was conceded to be "akin to a civil law demurrer." We will therefore apply the rules generally governing appeals from the sustaining of a demurrer without leave to amend and dismissal of an action. We accept the truth of the facts as pleaded, indulging every inference in support of the sufficiency of the pleading. (Morillion v. Royal Packing Co. (2000) 22 Cal.4th 575, 579, 94 Cal. Rptr.2d 3, 995 P.2d 139; Blank v. Kirwan (1985) 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58.) On the pleaded facts the question whether the statute of limitations in section 366.2 applied to bar the action is a legal determination, which we review de novo. (See, Goodstein v. Superior Court (1996) 42 Cal.App.4th 1635, 1641, 50 Cal.Rptr.2d 459.)
We first briefly review the claims-filing scheme contained in the Probate Code in order to provide a context for the application of section 366.2. A creditor *242 must file a claim in a probate proceeding either within four months after the court appoints a personal representative, or within 60 days after notice. (Prob.Code, § 9100.) Section 366.2 "provides for an outside time limit of one year for filing any type of claim against a decedent." (Dobler v. Arluk Medical Center Industrial Group, Inc. (2001) 89 Cal.App.4th 530, 535, 107 Cal.Rptr.2d 478.) This one-year statute of limitations "applies to actions on all claims against the decedent which survive the decedent's death." (Ibid.) The statute provides, however, that it is tolled by the timely filing of a creditor's claim until the claim is determined to be allowed or rejected. (§ 366.2, subd. (b)(1); Prob.Code, § 9352; Anderson v. Anderson (1995) 41 Cal.App.4th 135, 140, 48 Cal.Rptr.2d 642.) If a claim is rejected, the creditor has three months from the time it is rejected to file suit against the estate on the rejection of the claim. (Prob.Code, § 9353.) The purpose of these short limitations periods is to "protect[ ] a decedent's heirs, legatees, or beneficiaries from stale and unknown claims" (Dobler v. Arluk Medical Center Industrial Group, Inc., supra, 89 Cal.App.4th at pp. 541-542, 107 Cal. Rptr.2d 478) and thus to "effectuate the strong public policy of expeditious and final estate administration...." (Bradley v. Breen (1999) 73 Cal.App.4th 798, 805, 86 Cal.Rptr.2d 726.)
With these rules in mind, we turn to the claim in this case. Support and property agreements between cohabitants are enforceable against an estate when one of the parties to the agreement dies. (Byrne v. Laura (1997) 52 Cal.App.4th 1054, 1064, 60 Cal.Rptr.2d 908.) In the Byrne case, the parties (Skip and Flo) made a home together and lived together as man and wife for 13 years. They promised each other that all of the property they had would be jointly held and mutually owned and would remain the property of the survivor if either died. During his lifetime Skip repeatedly told Flo, as well as mutual friends and family members, that everything he had was hers and that he intended to put her name on the property and other assets. He had planned a surprise wedding cruise when he unexpectedly passed away. Skip left a will that predated his relationship with Flo. All of the named beneficiaries in that will had predeceased him. Flo filed a creditor's claim against Skip's estate, alleging that she was the sole owner of all of his property pursuant to the oral promises. The claim was rejected and she filed a complaint alleging causes of action for specific performance, imposition of constructive trust, quantum meruit, breach of oral contracts, and declaratory and injunctive relief. The trial court granted summary judgment for the estate on statute of frauds grounds, finding that an agreement for joint tenancy must be in writing. On appeal, the court reversed.
The court in Byrne found that oral promises in a Marvin-type agreement[2] are enforceable against an estate, even though one of the parties to the agreement has died, and that the estate had breached the agreement for support by rejecting Flo's claim. As to the promises regarding real property, the court found that Flo's reliance on Skip's promises to put her name on the property supported application of the doctrine of equitable estoppel to overcome the statute of frauds defense. The court relied in part on the Supreme Court's endorsement in Marvin of the use of "`equitable remedies to protect the expectations of the parties to a nonmarital relationship.'" (Byrne v. Laura, supra, *243 52 Cal.App.4th at p. 1072, 60 Cal.Rptr.2d 908.)
The Byrne case establishes the viability of causes of action such as appellant's. However, that case did not discuss the statute of limitations in section 366.2, and therefore is not authority for the application of that statute. Although respondent argues that appellant in our case should have filed a creditor's claim, as did plaintiff in Byrne, appellant's situation was substantially different from the Byrne case. Here there was a will that formed the basis for appellant's claim to the property. As appellant was the executor and sole beneficiary under the will, which was accepted for probate, she had no reason to file a creditor's claim. Filing a creditor's claim based on oral promises regarding the same property she was due to inherit would have been redundant.
Furthermore, nothing in the Byrne case negates appellant's contention that section 366.2 does not apply to a cause of action to enforce a Marvin-type agreement where the cause of action did not exist during the life of the promisor. Indeed the court in Byrne indicated that the breach of the agreement to provide support in that case occurred when the estate rejected Flo's claim for support. By its terms section 366.2 applies to an action that may be brought against a person "on a liability of the person," and that survives the person's death. In other words, it applies to a liability that pre-dates the decedent's death. Since Roberson did not breach any promise or agreement during his lifetime, no liability arose and no action could have been brought against him that could survive his death.
In Battuello v. Battuello (1998) 64 Cal. App.4th 842, 75 Cal.Rptr.2d 548 (Battuello), the court observed that section 366.2 applies to causes of action that "exist at the time of a person's death." (Id. at p. 846, 75 Cal.Rptr.2d 548.) The court endorsed the general rule that section 366.2 cannot be applied to a cause of action alleging a promise to leave certain property in a will because such a cause of action "neither `accrue[s]' prior to the promisor's death nor `survives' his death." (Ibid.) The court in Battuello found an exception to this general rule in a case where the promisor had during his lifetime made a transfer of the promised property to another. In that circumstance, a cause of action did exist prior to the decedent's death and section 366.2 therefore applied.
The bar of section 366.2 was also applied in the case of Dawes v. Rich (1997) 60 Cal.App.4th 24, 70 Cal.Rptr.2d 72 (Dawes). In that case creditors attempted to reach property of a deceased spouse in order to satisfy a debt that had been incurred by the surviving spouse during the marriage. Since the community is liable for debts incurred by either party during the marriage, the decedent was personally liable for the debt, to the extent of her share of the community property, and the liability survived her death. Therefore, the statute of limitations in section 366.2 applied to bar any action to recover from her estate brought more than a year after her death.
The plaintiffs in Dawes argued that applying the bar of section 366.2 in their circumstances was unfair, as they had been engaged in protracted litigation against the surviving spouse, during which the decedent had died, and they did not prevail in their lawsuit until over a year following her death. Therefore, they did not have a judgment to enforce against the estate within the statutory time. The court rejected this argument, finding that it was a risk recognized by the Legislature that "in unusual circumstances creditors would not be able to bring an action within *244 one year of death." (Dawes, supra, 60 Cal.App.4th at p. 36, 70 Cal.Rptr.2d 72.)
A similar unfairness argument was raised and rejected by the court in Bradley v. Breen, supra, 73 Cal.App.4th 798, 86 Cal.Rptr.2d 726 (Bradley). In that case a plaintiff alleged he had been molested by the decedent. Four years after the decedent had died, he brought an action against two individuals, claiming they had aided and abetted the molestations. The defendants filed a cross-claim for indemnity against the decedent's estate and the estate demurred on the ground of the one-year statute of limitations in section 366.2. On appeal from the dismissal of the cross-claim, the court upheld the bar of section 366.2. Appellants argued that they could not have filed their action any sooner because their claim for equitable indemnity had not accrued. They pointed out that the extended statutes of limitations for molestation actions enabled the complaint against them to be filed well after the decedent had died, by which time it was impossible for them to seek indemnity within the time allowed by section 366.2. The court responded that the statute specifically applied to all "causes of action against a decedent that existed at the time of death, `whether accrued or not accrued.' " (Id. at p. 800, 86 Cal.Rptr.2d 726.) "With section 366.2, the Legislature has made a public policy determination that effectively limits or qualifies the right of indemnity. The Legislature has determined that the one-year statute of limitations will best effectuate the strong public policy of expeditious and final estate administration, despite the possibility that in a rare case such as the present one, an action for equitable indemnity may be foreclosed." (Id. at pp. 805-806, 86 Cal. Rptr.2d 726.)
Respondent relies heavily on Bradley in contending that appellant's action here, even though it may not have accrued until the will was declared invalid, was nonetheless barred by section 366.2. We find Bradley, and also Dawes, to be distinguishable on the basis that both cases involved a "liability of the person" (§ 366.2) that "existed at the time of death." (Bradley, supra, 73 Cal.App.4th at p. 800, 86 Cal.Rptr.2d 726.) Had Roberson in this case breached the parties' Marvin-type agreements during his lifetime or conveyed promised property to others, appellant's action would be time-barred as it would have been an existing action that survived the death. He did not do so, however. Instead he wrote a will, consistent with his promises, which clearly expressed his intent and desire to leave everything to appellant. We cannot find on these facts that any cause of action existed at the time of death, sufficient to trigger the running of section 366.2.
Furthermore, the application of the statute in the Bradley case furthered the policy behind the statute, to promote expeditious and final estate administration and to protect a decedent's heirs and beneficiaries from stale and unknown claims. In our case, on the other hand, appellant's claim was neither unknown nor stale. Unlike Bradley and Dawes, where the claimants were strangers to the estate, appellant was the sole beneficiary of the estate until the will was declared invalid. Nor was she dilatory in bringing her petition, as she filed it within a month of the court's ruling invalidating the will. As to the probate of the second will and appointment of an administrator, her petition was actually premature rather than tardy.[3]
*245 The equities support allowing appellant to litigate her claims against the estate. Even if we were to find that the one-year statute of limitations contained in section 366.2 was triggered upon Roberson's death, we believe the doctrine of equitable tolling would apply in these circumstances. "`[T]he equitable tolling doctrine fosters the policy of the law of this state which favors avoiding forfeitures and allowing good faith litigants their day in court.' [Citation.] A plaintiff will be relieved `from the bar of a limitations statute when, possessing several legal remedies he [or she], reasonably and in good faith, pursues one designed to lessen the extent of his [or her] injuries or damage.' [Citation.] `[Application of the doctrine of equitable tolling requires timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff.' [Citations.] The 'injustice to the plaintiff occasioned by the bar of his [or her] claim' must be balanced against the policy underlying the statute of limitations. [Citation.]" (Stalberg v. Western Title Ins. Co. (1994) 27 Cal. App.4th 925, 932, 32 Cal.Rptr.2d 750.)
The record before us supports the application of the doctrine of equitable tolling. Appellant possessed what appeared to be a valid will appointing her executor and leaving her everything. She proceeded in timely fashion to probate the will, thus pursuing the legal remedy that would most readily address and resolve her entitlement to the property. Notice was published, and served upon Roberson's mother, indicating the nature of appellant's claims. Since appellant acted reasonably and in good faith in pursuing first the probate of the will and then this action, equity favors tolling the limitations period unless prejudice will result. (Stalberg v. Western Title Ins. Co., supra, 27 Cal.App.4th at p. 933, 32 Cal.Rptr.2d 750.) We can perceive no possible prejudice in this case. Appellant's action was brought only three months after the running of the statute and just several weeks after the will was declared invalid. Finally, as in Stalberg, we find that "[t]he policy behind the statute of limitations does not outweigh the injustice which would result from [appellant's] loss of [her] cause of action." (Ibid.)

DISPOSITION
The judgment of dismissal of appellant's probate petition is reversed. Appellant is to have costs on appeal.
WE CONCUR: MIHARA and RUSHING, JJ.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of Court  Rules 976 and 977).
[1] Although we do not have the record of the will contest proceedings, it appears that one of the witnesses actually signed the acknowledgment several days after the other witness.
[2] Marvin v. Marvin (1976) 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106.
[3] Appellant's petition asserting her Marvin-type claim was filed June 4, 2001. Pauline Roberson's petition to probate the second will was granted July 16, 2001.