[No. B197703. Second Dist., Div. Seven. Apr. 23, 2008.]

CLAIRE G. WAGNER, as Trustee, etc., Plaintiff and Appellant, v.
KENT FRANK WAGNER, Defendant and Respondent.

COUNSEL

James N. Crowell for Plaintiff and Appellant.

David. P. Hutchens for Defendant and Respondent.

OPINION

**PERLUSS, P. J.**—In the accounting submitted with her petition to settle the account of her deceased mother's living trust, the Genevieve McCampbell Wagner Trust (Trust), Claire G. Wagner sought $200,000 as compensation for caring for her mother during the four years immediately preceding Genevieve's[1] death. Claire's brother, Kent Frank Wagner, objected to the payment. The probate court sustained Kent's objection, ruling the proposed compensation, construed as a claim on the Trust, was not timely under Code of Civil Procedure section 366.2, which requires all claims against a decedent to be filed within one year of the death. Claire appeals from the order sustaining Kent's objection and also from the court's denial of her motion under Code of Civil Procedure section 473, subdivision (b), seeking relief from her failure to timely object to the final order settling the Trust. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Genevieve executed a living trust in 1989 and directed her estate be divided equally between her two adult children following her death. Kent, the

---

[1] Because the members of the family share the same last name, we refer to them by their first names, not out of disrespect but for convenience and clarity. (*Cruz v. Superior Court* (2004) 120 Cal.App.4th 175, 188, fn. 13 [14 Cal.Rptr.3d 917].)

older child, had married and moved from California to Michigan. Claire, who had graduated from college in 1979 and served on a religious mission in Papua New Guinea for several years, moved into her mother's home in Redondo Beach in 1988. As Genevieve's health declined, Claire continued to live at home and care for her mother. In 1999 Genevieve was diagnosed with Alzheimer's disease and, by 2000, required full-time care. Genevieve died in November 2003. Genevieve's trust named Claire as her successor trustee.

Claire continued to live in the family home after her mother's death. In June 2004, after repeated urging by Kent, Claire retained an attorney to assist her in administering the trust. Kent traveled from Michigan to meet with Claire and the attorney, at which time Claire disclosed her intent to pay herself from trust assets for the care she had provided Genevieve during the final four years of her life. She did not state an amount for the intended payment, nor did Kent agree to the claim. Shortly after the meeting, though, Claire and Kent argued; and, as she later testified, Claire became despondent and delayed even further in administering the Trust despite repeated prodding from Kent and her attorney.

In December 2005 Kent filed a petition in the probate court seeking an order requiring Claire to administer the Trust and file an accounting. Claire began an effort to sell the home, which required her to sort through her mother's belongings accumulated over 45 years and to make modest repairs. The house was placed on the market and sold in March 2006 for approximately $1 million. After the sale Claire made preliminary distributions to Kent and herself of $445,000 each. In June 2006 she filed her first account and report in which she described the remaining assets of the trust and requested an order permitting her to pay herself $200,000 for the care of Genevieve during the last four years of her life, less $28,000 in rent for her continued tenancy in the home from November 2003 to March 2006.

Kent filed objections to the report challenging the proposed payment to Claire as untimely under Code of Civil Procedure section 366.2 and disputing the proposed rental amount as substantially lower than fair market value. The probate court held an evidentiary hearing and took the matter under submission. On September 18, 2006 the court issued a minute order finding Claire's claim untimely and barred by Code of Civil Procedure section 366.2 and also finding her assertion of the claim violated her duty to defend the trust estate against late claims (see Prob. Code, § 19253, subd. (a)).[2] Additionally, the court adjusted the rental rate for the home from the $1,000 per month advocated by Claire to $1,200 per month for the initial 12 months, $2,500 per month for the next 12 months and $2,760 per month for the final six months.

---

[2] The minute order erroneously identifies this provision as Probate Code section 9253. Subsequent statutory references are to the Probate Code unless otherwise indicated.

The court directed Claire's counsel to prepare an order and have it approved as to form and content by Kent's counsel. Claire's counsel prepared an order, but Kent's counsel objected to the proposed order on two grounds: (1) it reduced the number of months of rent specified in the minute order from 30 to 28; and (2) rather than pay the Trust the amount of rent ordered by the court, it proposed Claire pay Kent directly half of the rent because Claire owned a half-interest in the house during the designated rental period. Kent's counsel drafted an alternative order tracking the court's minute order and forwarded it to Claire's counsel for review. For several reasons Claire's counsel did not respond until six weeks later, by which time Kent's counsel had submitted his proposed order to the court. The court signed the proposed order submitted by Kent's counsel.

Claire's counsel then moved under Code of Civil Procedure section 473, subdivision (b), for an order setting aside the order settling the Trust. The probate court denied the motion on February 28, 2007.

## CONTENTIONS

Claire contends her claim for compensation was timely because there is no statutory requirement she submit the claim in writing and she mentally presented the claim to herself not long after she advised Kent of her intent to submit the claim at their June 2004 meeting. Claire also contends her motion to set aside the order settling the Trust should have been granted.

## DISCUSSION

1. *Claire's Claim Was Not Timely Under the Statutory Scheme Governing Administration of Claims Against a Decedent's Revocable Trust*

Part 8 of the Probate Code (§ 19000 et seq.) governs claims procedures, including notice requirements and time limitations, for revocable trusts of deceased settlors. Under section 19003, subdivision (a), the trustee "may file with the court a proposed notice to creditors" in order to obtain a case number and then publish and serve notice to creditors or potential claimants as provided in section 19040 and the subsequent sections of the Probate Code. Section 19004, in turn, provides: "If the trustee files, publishes, and serves notice as set forth in Section 19003, then: [¶] (a) All claims against the trust shall be filed in the manner and within the time provided in this part. [¶] (b) A claim that is not filed as provided in this part is barred from collection from trust assets. [¶] (c) The holder of a claim may not maintain an action on the claim against the trust unless the claim is first filed as provided in this part."

■ Under section 19100 claimants must file a claim before expiration of "[f]our months after the first publication of notice to creditors under Section 19040" or "[s]ixty days after the date actual notice is mailed or personally delivered to the creditor." (§ 19100, subd. (a)(1), (2).) "Consequently, the practical result of these provisions is generally to shorten the time frame within which a claimant can assert a claim against a decedent's estate or trust. If the trustee files the proposed notice to creditors with the court under section 19003 of the Probate Code right after the settlor's death, and then proceeds to immediately give the notices required in Probate Code sections 19040 and 19050, a creditor could have just over 30 days to submit a claim . . . ." (*Levine v. Levine* (2002) 102 Cal.App.4th 1256, 1261 [126 Cal.Rptr.2d 255] (*Levine*).)

A trustee is not required to utilize this formal claims procedure and, as an alternative, may proceed informally in administering a decedent's trust, as Claire did in this case. "If no probate or trust claims procedure has been initiated, . . . the short limitations periods applicable to claims filed in probate or trust claims proceedings do not apply; and the availability of trust property to any creditor of the deceased settlor 'shall be as otherwise provided by law.' " (*Embree v. Embree* (2004) 125 Cal.App.4th 487, 494 [22 Cal.Rptr.3d 782] (*Embree*), quoting § 19008.) Thus, absent a trustee's election to file a formal notice to claimants, the time to assert a claim against a decedent's revocable trust is governed by the more general statute of limitations for all claims against a decedent embodied in Code of Civil Procedure section 366.2. (*Embree*, at pp. 494–495; *Levine, supra,* 102 Cal.App.4th at pp. 1263–1265.)

Code of Civil Procedure section 366.2, subdivision (a), provides, "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." " 'The overall intent of the Legislature in enacting Code of Civil Procedure former section 353 [(now § 366.2)] was to protect decedents' estates from creditors' stale claims. [Citations.] "[T]he drafters of former Code of Civil Procedure section 353 and current Code of Civil Procedure section 366.2 believed the limitation period the statute imposes serves 'the strong public policies of expeditious estate administration and security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor.' (Recommendation Relating to Notice to Creditors in Estate Administration [(Dec. 1989)] 20 Cal. Law Revision Com. Rep. (1990) p. 512.)" ' " (*Levine, supra,* 102 Cal.App.4th at pp. 1263–1264, quoting *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 308 [99 Cal.Rptr.2d 792, 6 P.3d 713].)

Although Claire contends otherwise,[3] there is no question the one-year limitation period applies to Claire's claim against the Trust. As we stated in *Dobler v. Arluk Medical Center Industrial Group, Inc.* (2001) 89 Cal.App.4th 530, 535–536 [107 Cal.Rptr.2d 478], "This uniform one-year statute of limitations applies to actions on all claims against the decedent which survive the decedent's death." (Accord, *Levine, supra,* 102 Cal.App.4th at pp. 1261–1262; *Estate of Yool* (2007) 151 Cal.App.4th 867, 876 [60 Cal.Rptr.3d 526]; see *Bradley v. Breen* (1999) 73 Cal.App.4th 798, 800 [86 Cal.Rptr.2d 726] ["[Code of Civil Procedure section 366.2] governs causes of action against a decedent that existed at the time of death, 'whether accrued or not accrued.' "].)

Anticipating this conclusion, Claire argues she effectively complied with this statute because she formed the claim in her mind within the one-year period and thus presented the claim, to herself, well within the statutory period. She reasons she was not required to present the claim in writing because she elected to proceed informally and was entitled, as trustee, to waive any defects in the presentation of the claim. The timeliness of the claim, she argues, is evidenced by her disclosure to Kent of her intent to submit the claim at their June 2004 meeting. According to Claire, presentation of the claim in this manner tolled the statutory one-year period while she administered the trust and prepared her accounting. (See Code Civ. Proc., § 366.2, subd. (b) ["The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable: [¶] . . . [¶] (3) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor)."]; Prob. Code, § 19253, subds. (b), (c) ["[t]he filing of a claim tolls the statute of limitations otherwise applicable to the claim until the trustee gives notice of allowance or rejection"; "[t]he allowance of a claim further tolls the statute of limitations as to the part of the claim allowed until the allowed portion of the claim is paid"]; *Levine, supra,* 102 Cal.App.4th at p. 1263 [§ 19253 tolls one-year statutory period "where a claim has been filed with the trustee and is awaiting the trustee's decision on allowance or rejection"].)

■ However, Claire's assertion she was entitled to submit an oral claim (and what her brother calls "a secret mental claim") is contrary to the requirements of the Probate Code. Although, as Claire points out, part 8 of

---

[3] Claire argues her claim is not an "action" encompassed by Code of Civil Procedure section 366.2. Although Claire is correct this section is a statute of limitations and, as such, is directed to lawsuits filed in the superior court, section 19253, subdivision (a), provides, "A claim barred by the statute of limitations may not be allowed by the trustee." Accordingly, any claim first asserted outside the limitations period, whether submitted to the trustee or filed in court, is barred.

the Probate Code (§ 19000 et seq.) does not separately specify how a trustee who elects to proceed informally is required to present a claim,[4] there is no reason to believe a trustee's presentation of his or her claim should differ from that of any other creditor.

■ Pursuant to section 19154, subdivision (a), a trustee is authorized to waive formal defects in a claim, but only when "a creditor makes a written demand for payment within the time specified in Section 19100." Assuming no formal notice has been given, in which case the much shorter time limitation would apply (see § 19100, subd. (a)), a creditor must make a written demand for payment within the one-year period established by Code of Civil Procedure section 366.2. (See § 19100, subd. (a)(2) ["[t]his paragraph does not extend the time provided in Section 366.2 of the Code of Civil Procedure"]; § 19103, subd. (b) ["[n]othing in this subdivision authorizes allowance or approval of a claim barred by, or extends the time provided in, Section 366.2 of the Code of Civil Procedure"].) Moreover, Claire was barred from amending her unquantified claim to state a sum certain more than one year after her mother died. (See § 19104, subd. (b) [barring amendment to increase amount of claim after time for filing has expired].) Absent a written demand, therefore, Claire, as trustee, would have been justified in denying (and possibly even required to deny) the claim of any other person who sought payment for the same services she provided to her mother.[5]

Ironically, had Claire acted timely, she would have been justified in allowing, and paying, her claim without court approval, subject, of course, to Kent's subsequent objection (see §§ 19022, 19025). "The trustee shall have the power to pay any claim or portion of a claim and payment shall constitute allowance of the claim to the extent of the payment. . . . If the trustee . . . is a creditor of the deceased settlor, the trustee shall have the same powers regarding allowance, rejection, payment, or compromise set forth in this chapter." (§ 19252.)

■ Even were we empowered to ignore this plain statutory mandate, which we are not,[6] its efficacy is obvious: The simple act of documentation

---

[4] There is also no direction on this somewhat unusual point in existing case law; nor have we found any discussion of the issue in any treatise or guide.

[5] As Kent insists, "The statutes governing trustee duties make clear that a trustee 'has a duty to administer the trust *solely* in the interest of the [trust's] beneficiaries.' " (*Arluk Medical Center Industrial Group, Inc. v. Dobler* (2004) 116 Cal.App.4th 1324, 1335 [11 Cal.Rptr.3d 194], quoting § 16002, subd. (a), italics added by *Arluk*.) Holding a trustee has no obligation to retain sufficient assets in the trust to satisfy a prospective judgment debtor, the *Arluk* court found "no statutory duty obligating a trustee to prefer a claimant with an unresolved claim against the estate to the interests of the trust's beneficiaries." (*Arluk Medical*, 116 Cal.App.4th at p. 1335.)

[6] "[A] court construing a statute is not authorized to insert qualifying provisions or exceptions not included by the Legislature or to rewrite the statute to conform to some

would have obviated the timeliness dispute raised here. Absent the necessary documentation, Claire, as trustee, was prohibited from allowing her own claim as a creditor. (See § 19253, subd. (a) ["[a] claim barred by the statute of limitations may not be allowed by the trustee"].)

### 2. *Claire's Challenge to the Probate Court's Denial of Her Motion for Relief Under Code of Civil Procedure Section 473, Subdivision (b), Is Unreviewable*

■ Code of Civil Procedure section 473, subdivision (b), authorizes the trial court to relieve a party from a default judgment or dismissal entered as a result of the party's or her attorney's mistake, inadvertence, surprise or neglect.[7] It provides for both mandatory and discretionary relief. Mandatory relief is available "whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect." (Code Civ. Proc., § 473, subd. (b).) "The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect. But the range of adverse litigation results from which relief can be granted is narrower. Mandatory relief only extends to *vacating* a default which will result in the entry of a default judgment, a default judgment, or an *entered* dismissal." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 616 [107 Cal.Rptr.2d 489] (*Leader*).)

assumed intention that does not appear from its language." (*Bradley v. Breen, supra,* 73 Cal.App.4th at p. 804; accord, *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976] ["[i]f there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs' "].)

[7] Code of Civil Procedure section 473, subdivision (b), states, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . No affidavit or declaration of merits shall be required of the moving party. Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. However, this section shall not lengthen the time within which an action shall be brought to trial pursuant to Section 583.310."

Apparently cognizant of this limitation, Claire's counsel moved solely for discretionary relief under Code of Civil Procedure section 473, subdivision (b), based on his failure to submit a timely objection to Kent's proposed order. Under the discretionary relief provision, upon a showing of " 'mistake, inadvertence, surprise, or excusable neglect,' " the court has discretion to allow relief from a " 'judgment, dismissal, order, or other proceeding taken against' " a party or his or her attorney. (*Leader, supra,* 89 Cal.App.4th at p. 615; see *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124 [132 Cal.Rptr.2d 680].) "[T]he discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' [Citation.] '*Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable.* To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258 [121 Cal.Rptr.2d 187, 47 P.3d 1056], italics added; see *Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 895 [187 Cal.Rptr. 592, 654 P.2d 775] [conduct falling below the professional standard of care is generally considered inexcusable]; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 682 [68 Cal.Rptr.2d 228] ["[t]he Legislature did not intend to eliminate attorney malpractice claims by providing an opportunity to correct all the professional mistakes an attorney might make in the course of litigating a case"].)

Our review of the court's ruling on this motion, however, has been thwarted by Claire's failure to provide us with a transcript of the hearing on the motion or a copy of the court's minute order denying the motion. All that has been provided is a copy of the notice of ruling prepared by Claire's counsel following the hearing. The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 [94 Cal.Rptr.2d 143]; *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136–137 [84 Cal.Rptr.2d 753] [trial court's exercise of discretion will not be disturbed on appeal when appellant fails to provide record explaining trial court reasoning].) As the party challenging a discretionary ruling, Claire had an affirmative obligation to provide an adequate record so that we could assess whether the court abused its discretion. (*Vo,* at p. 447; see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141 [104 Cal.Rptr.2d 377, 17 P.3d 735].) Accordingly, she has forfeited this argument on appeal.

## DISPOSITION

The probate court's orders are affirmed. Kent Wagner is to recover his costs on appeal.

Woods, J., and Zelon, J., concurred.