*831 KONENKAMP, Justice
(concurring in result).
[¶ 36.] I question whether we are authorized to adopt the equitable tolling doctrine for civil actions. Equitable tolling is a common law principle having its genesis in the inherent power of courts to avert grave miscarriages of justice. That power is as old as our nation. In 1870, the United States Supreme Court traced the history of court-declared, nonstatutory exceptions to statutes of limitation back to the Revolutionary War, noting “that the running of a statute of limitation may be suspended by causes not mentioned in the statute itself.” Braun v. Sauerwein, 77 U.S. 218, 10 Wall. 218, 223, 19 L.Ed. 895 (1870).
[¶ 37.] Yet it is equally well established in both federal and state jurisdictions that legislatures may preclude equitable tolling by expressing an intention “to disallow tolling under any circumstances not enumerated in the statute.” Laird v. Blacker, 2 Cal.4th 606, 7 Cal.Rptr.2d 550, 828 P.2d 691, 698 (1992); see also Battuello v. Battuello, 64 Cal.App.4th 842, 847-48, 75 Cal.Rptr.2d 548 (1998). Equitable tolling will not apply if it is “inconsistent with the text of the relevant statute.” United States v. Beggerly, 524 U.S. 38, 48, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998) (citation omitted); see also Lampf, et al. v. Gilbertson, 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). Such tolling is also not permissible when it contravenes clear legislative policy. See Abreu v. Svenhard’s Swedish Bakery, 208 Cal.App.3d 1446, 1456, 257 Cal.Rptr. 26 (1989).
[¶ 38.] Thus, the question whether equitable tolling is permissible turns not solely on the inherent power of courts, but on what the Legislature intended when it enacted the statute of limitations. In South Dakota, the common law is abrogated when it conflicts with the sovereign power as evidenced by legislative enactments. SDCL 1-1-23(5); SDCL 1-1-24. Do we have express legislation precluding equitable tolling in civil actions? Consider SDCL 15-2-1: “Civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued except where in special cases a different limitation is prescribed by statute.” (Emphasis added.) And the applicable statute of limitations within the same title is SDCL 15-2-14(3): personal injury actions must be “commenced only within three years after the cause of action shall have accrued[.]” (Emphasis added.) Whether these two statutes taken together explicitly preclude equitable tolling remains to be resolved. Neither side briefed this point, and the question has not been raised in previous cases. In rejecting equitable tolling in a medical malpractice action, however, we cautioned that courts may fill legislative gaps, but “should not usurp the legislative function” to rewrite statutes of limitations. Peterson v. Hohm, 2000 S.D. 27, ¶ 18, 607 N.W.2d 8, 14 (citation omitted).
[¶ 39.] In opening the door to the judicial extension of statutory deadlines for bringing civil suits, the circuit court found its primary authority in EEOC and federal habeas corpus cases. Statutes governing those decisions have nothing to do with South Dakota civil actions. Our first resort must be to our own laws, because if the statutes plainly dictate otherwise, equitable tolling is impermissible. See Beggerly, 524 U.S. at 48, 118 S.Ct. at 1868, 141 L.Ed.2d 32. Likewise, our decision in Dakota Truck Underwriters cannot supply any useful authority here. See 2004 S.D. 120, 689 N.W.2d 196. That was not a civil case, but an action to recover under a *832 special statute for partial reimbursement of certain workers’ compensation payments. There, we filled a gap in otherwise problematic legislation. Here, the question remains whether there is any gap to fill.
[¶ 40.] Accordingly, I would go no further than to say that even if the equitable tolling doctrine applies to South Dakota civil actions, it would not apply here for the reasons the Court explains,
[¶ 41.] MEIERHENRY, Justice, joins this special writing,