Filed 6/15/16 Estate of Wegman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of CHARLES PATRICK WEGMAN, Deceased. | |
| BARBARA ANN ROGERS, | F071913 |
| Petitioner and Appellant, | (Super. Ct. No. S1501-PB-62164) |
| v. | **OPINION** |
| CONNIE WEGMAN, as Administrator, etc., | |
| Objector and Respondent. | |

APPEAL from a judgment of the Superior Court of Kern County. Ralph W. Wyatt, Judge.

Melvin J. Thompson for Petitioner and Appellant.

Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, Catherine E. Bennett and Larry L. Fields for Objector and Respondent.

-ooOoo-

**SEE CONCURRING OPINION**

## INTRODUCTION

Charles Patrick Wegman died on August 24, 2012, intestate. His daughter, Connie Wegman,[1] petitioned the probate court to be appointed administrator of his estate. Decedent's long-time partner, Barbara Ann Rogers, objected. The parties negotiated a settlement agreement and Rogers agreed to withdraw her objections. Among other conditions, the parties stipulated to the following: "BARBARA ANN ROGERS will file, on or before November 4, 2013, a Petition to Determine Right of Ownership of Property. (Marvin Petition)."[2]

Rogers filed her *Marvin* petition, claiming ownership of certain assets and property of the estate and seeking compensation for the household services she rendered. Wegman successfully demurred, arguing the statute of limitations on Rogers' claims had expired on August 24, 2013, almost one full month prior to the date the parties negotiated their settlement agreement. After sustaining a demurrer to Rogers' amended petition, the probate court sustained a demurrer to her second amended petition without leave to amend.

We are initially presented with whether the parties agreed to waive the statute of limitations pursuant to their settlement agreement. If so, Rogers argues, estoppel, res judicata, as well as fraudulent and bad faith conduct by Wegman preclude Wegman from asserting the statute of limitations as an affirmative defense. In the alternative, Rogers claims the objections she filed in response to Wegman's petition to be appointed administrator constitute the commencement of an action within one year of decedent's death, making her claims timely. We find no reasonable probability Rogers' petition can be amended, and affirm the judgment.

---

[1]To avoid confusion, we refer to Charles Patrick Wegman as decedent and Connie Wegman as Wegman.

[2]*Marvin v. Marvin* (1976) 18 Cal.3d 660 (*Marvin*).

2.

## FACTUAL AND PROCEDURAL HISTORY

This case comes before us on a judgment of dismissal after Wegman's demurrer was sustained without leave to amend, so we accept as true all facts pled in the complaint, or in this case, Rogers' *Marvin* petition.

Rogers began living with decedent in June 1992.  The couple maintained a long-term committed relationship, but never married or registered as domestic partners.

When the couple moved in together, Rogers and decedent orally agreed to take care of each other for the rest of their lives.  In reliance on this promise, Rogers quit her job and began taking care of their home.  During the course of their relationship, the couple acquired real and personal property together, including a home in Wasco, two businesses, multiple vehicles, and household furniture.  Although title to the property was held in decedent's name alone, the property was purchased and maintained with funds and efforts from both Rogers and decedent.

Decedent died intestate on August 24, 2012.  After his death, Wegman petitioned the probate court to be appointed administrator of her father's estate.  Rogers filed objections to Wegman's petition, asserting Wegman was not suited to serve as administrator of the estate.

On September 19, 2013, the date the matter was set for trial, the parties negotiated a settlement agreement subsequently approved by the probate court and made a part of the order for probate.  The agreement provides the following:

> "The objections of BARBARA ANN ROGERS are withdrawn conditional upon following:

> "1.  BARBARA ANN ROGERS is to continue to reside and occupy the residence and property located at 1322 and 1324 Griffith Avenue, Wasco, California 93280 (hereinafter 'PROPERTY') until a determination is made on her claim for ownership of PROPERTY, subject to her payment of the taxes and insurance for the time she resides there.  (Marvin Petition)

3.

"2.  The lock to the Poso Drive South gate to the PROPERTY shall be replaced with a lock that may be opened by both the estate and BARBARA ANN ROGERS and both [Wegman] and BARBARA ANN ROGERS shall be provided with a key or combination to any lock placed on the gate.

"3.  BARBARA ANN ROGERS will file, on or before November 4, 2013, a Petition to Determine Right of Ownership of Property.  (Marvin Petition).

"4.  At a mutually agreed date, [Wegman] shall be permitted to remove her lawn maintenance equipment from the shop and BARBARA ANN ROGERS shall be permitted to remove her 1964 Nova automobile and children's bicycles and toys. Neither party will remove any additional property from the shop without the prior written consent of the other party."

On November 4, 2013, Rogers filed a "Petition to Enforce Agreement for Ownership of Real and Personal Property and for Damages," referred to by the parties as a *Marvin* petition based on the gravamen of Rogers' claims.  In *Marvin*, our Supreme Court held express or implied contracts between nonmarital cohabitants could be enforced.  (*Marvin*, *supra*, 18 Cal.3d at pp. 670-671.)  Such contracts may arise from an oral agreement between partners to combine their efforts and earnings and share equally all property accumulated during the relationship, or to compensate one of the partners for homemaking services provided.  *Marvin* agreements are enforceable against an estate when one of the parties to the agreement dies (*Byrne v. Laura* (1997) 52 Cal.App.4th 1054, 1064), and typically manifest in probate cases from the deceased partner's failure to make a will or a testamentary disposition.  (*Allen v. Stoddard* (2013) 212 Cal.App.4th 807, 812.)

Wegman, as the administrator of the estate, successfully demurred to Rogers' *Marvin* petition.  The probate court held that because Rogers' petition was filed more than one year after decedent's death, her claims were time-barred by the statute of limitations.

4.

On October 6, 2014, Rogers filed an amended petition. Her amended petition asserted Wegman waived the statute of limitations based on the following stipulation in the parties' September 19th settlement agreement: "BARBARA ANN ROGERS will file, on or before November 4, 2013, a Petition to Determine Right of Ownership of Property. (Marvin Petition)." As a result of this stipulation, Rogers argued Wegman was estopped from asserting her claims were time-barred.

Wegman demurred. The demurrer did not directly address Rogers' argument that a waiver was executed, but it did reassert Rogers' claims were time-barred. Wegman also argued equitable estoppel did not apply because Wegman did not induce Rogers to forgo timely filing her claims—the statutory filing period on Rogers' claims had already run when the parties negotiated their agreement.

The probate court sustained the demurrer.

On April 23, 2015, Rogers filed a second amended petition. She argued waiver and res judicata precluded Wegman from asserting the statute of limitations.

Wegman demurred a third and final time. She contended the stipulation requiring Rogers to file her *Marvin* petition by November 4th was not intended to constitute a waiver, it was merely intended to expedite litigation. Wegman also reasserted her argument that equitable estoppel did not apply.

On April 27, 2015, the probate court sustained Wegman's demurrer without leave to amend. The court held equitable estoppel did not apply because Rogers' petition failed to allege Wegman induced Rogers into forbearing to file suit within the one-year statute of limitations applicable to her claims. In addition, the court found no waiver based on the parties' settlement agreement.

On September 24, 2015, the trial court entered notice of entry of judgment in favor of Wegman, sustaining the demurrer without leave to amend and dismissing Rogers' second amended *Marvin* petition.

5.

## ANALYSIS

### A.    Standard of review

We conduct a de novo review of a trial court's order sustaining a demurrer without leave to amend.  (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038.)  A trial court abuses its discretion if the plaintiff makes a showing the pleading can be amended to overcome the pleading defects.  (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746.)  This issue is reviewable on appeal even in the absence of a request for leave to amend.  (Code Civ. Proc.,[3] § 472c; *Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 550.)

Where there is a reasonable possibility a plaintiff can amend to cure a defective pleading, we must reverse the judgment of dismissal and direct the trial court to vacate its order sustaining the defendant's demurrer without leave and to enter a new order sustaining the demurrer with leave to amend.  (*Kong v. City of Hawaiian Gardens Redevelopment Agency*, *supra*, 108 Cal.App.4th at pp. 1047–1048.)  However, where the trial court has not abused its discretion, we will affirm the judgment.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  This standard of review applies to a probate court's order sustaining a demurrer to a petition without leave to amend.

### B.    Rogers' *Marvin* petition was subject to a one-year statute of limitations

As a preliminary matter, the parties do not dispute Rogers' claims are subject to a one-year statute of limitations.  Pursuant to section 366.3, a party seeking to assert a claim against an estate based on promises to make a distribution of property or assets of the estate after death has one year from the date of the decedent's death to file suit.  Similarly, section 366.2 governs claims for debts owed by a decedent, and also provides claimants with a one-year filing period, beginning from the date of the decedent's death.

---

[3]All undefined statutory citations are to the Code of Civil Procedure unless otherwise indicated.

6.

Rogers alleged three causes of action in her *Marvin* petition: (1) joint or co-ownership of assets of the estate based on a promise between the parties to take care of one another, and acquisition of assets from joint "time, efforts, talents and incomes"; (2) the confidential relationship between Rogers and decedent required the court to impose a constructive trust over assets the couple jointly acquired and maintained; and, (3) compensation for homemaking services Rogers rendered to decedent.

Rogers' first and second causes of action are claims against the estate as a result of decedent's failure to make a will or a distribution of property upon his death. Assuming decedent and Rogers jointly owned assets and property held only in decedent's name, any agreement to transfer property to Rogers upon decedent's death could only be performed by a will, or by a personal representative of his estate conveying property otherwise belonging to the estate. (*Estate of Ziegler* (2010) 187 Cal.App.4th 1357, 1365.) These claims are governed by the one-year statute of limitations pursuant to section 366.3.

Rogers' third claim alleges a debt owed by decedent for homemaking services she rendered. Similar to her first two claims, this is a classic *Marvin* claim. In *Marvin*, *supra*, 18 Cal.3d at page 684, our Supreme Court held an unmarried cohabitating partner may recover in quantum meruit for the reasonable value of household services rendered minus the reasonable value of support received if it can be shown services were rendered with an expectation of monetary reward. However, unlike Rogers' first two claims, where statutory liability only came into existence upon decedent's death, her third claim could have been brought against decedent had he lived. (*Estate of Ziegler*, *supra*, 187 Cal.App.4th at pp. 1366-1367 [quantum meruit theory of recovery based on value of food, services, and companionship could have been brought during decedent's lifetime]; (*Bradley v. Breen* (1999) 73 Cal.App.4th 798, 800 ["(section 366.2) governs causes of action against a decedent that existed at the time of death, 'whether accrued or not accrued'"].) Rogers' third claim is, therefore, governed by the one-year statute of limitations under section 366.2.

Decedent died on August 24, 2012. On November 4, 2013, more than one year later, Rogers filed her *Marvin* petition. Wegman demurred, arguing Rogers' claims were time-barred. The trial court agreed and sustained her demurrer.

To survive demurrer, Rogers' petition must allege sufficient facts that, accepted as true, state a claim to relief that is plausible on its face. Even accepting the facts pled in Rogers' petition as true, her claims are plainly time-barred. Moreover, for the reasons set forth below, Rogers failed to demonstrate a reasonable probability her petition can be amended to overcome this defect.

## C.     The statute of limitations was not waived

Rogers first argues on appeal that Wegman was estopped from asserting the statute of limitations based on the September 19th settlement agreement. Her argument is based on the third stipulation in the parties' agreement (Stipulation No. 3), which provides the following: "BARBARA ANN ROGERS will file, on or before November 4, 2013, a Petition to Determine Right of Ownership of Property. (Marvin Petition)." Rogers contends this stipulation constitutes an agreement by Wegman to waive the statute of limitations, provided Rogers filed her *Marvin* petition by November 4, 2013.

According to Wegman, neither the stipulation nor the settlement agreement waive her right to assert affirmative defenses. Stipulation No. 3 was intended only to expedite administration of the estate by requiring Rogers to file her petition by a specified date. We agree with Wegman and find no waiver.

Because the parties dispute the meaning of language in a contract, we apply the well-settled rules of contract interpretation. In so doing, we determine whether the disputed language is reasonably susceptible to two or more reasonable interpretations. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 798.) Whether language is reasonably susceptible to multiple interpretations is determined by examining the disputed language in the context of the contract as a whole, and by extrinsic evidence of

8.

the parties' intent, such as the circumstances surrounding the agreement. (*Ibid*.) If a contract is susceptible to multiple interpretations, it is ambiguous and must be construed to give effect to the mutual intent of the parties. (*Ibid*.) Where a contract is unambiguous, the mutual intent of the parties is inferred from the plain language of the agreement. (*Mount Vernon Fire Ins. Co. v. Busby* (2013) 219 Cal.App.4th 876, 882.)

Here, the stipulation at issue provides: "BARBARA ANN ROGERS *will file*, on or before November 4, 2013, a Petition to Determine Right of Ownership of Property. (Marvin Petition)." (Italics added.) We interpret Stipulation No. 3 to mean only the date Rogers agreed to file her *Marvin* petition and not an agreement to waive the statute of limitations.

Waiver requires clear and convincing evidence of the intentional relinquishment of a known right. (*Stewart v. Seward* (2007) 148 Cal.App.4th 1513, 1524.) Nothing within the settlement agreement or the circumstances surrounding the agreement evidence an intent by Wegman to waive the statute of limitations.

Rogers fails to allege the parties ever discussed the statute of limitations prior to the filing of her *Marvin* petition, or that any promises or assurances were made by Wegman to refrain from asserting the defense. Further, no other provision within the agreement makes reference to a waiver. These other provisions relate only to Rogers' agreement to pay property taxes and insurance on the Wasco property until her *Marvin* claims were decided, the replacement of a lock on the property to make the property accessible to both parties, and the parties' agreement to allow each other to remove various items of personal property belonging to them, stored in a shop presumably owned by the estate.

Because neither the settlement agreement nor the circumstances surrounding the settlement agreement evidence a waiver, we infer the parties' mutual intent based on the plain language of the challenged stipulation. Because Stipulation No. 3 is clear and unambiguous, we would have to read language into the stipulation to find a waiver. We

9.

decline to do so. "'"Courts will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists."'" (*Mount Vernon Fire Ins. Co. v. Busby*, *supra*, 219 Cal.App.4th at p. 882.)

Rogers asserts a waiver may be inferred based on what is not stated in the settlement agreement—a reservation of the right to assert affirmative defenses. A party is not required to *reserve* the right to assert affirmative defenses. Rather, the inverse is true—a party must expressly *waive* this right. (*Stewart v. Seward*, *supra*, 148 Cal.App.4th at p. 1524.)

Rogers also argues we should find Stipulation No. 3 was intended to constitute a waiver based on the nature of the parties' settlement agreement. She contends the only reason she withdrew her objections to Wegman's petition was her understanding Wegman would not object to her *Marvin* petition. We are unpersuaded by this argument for two reasons.

First, in her brief, Rogers admits other benefits inured to her in agreeing to withdraw her objections. Wegman agreed to permit Rogers to continue living in the Wasco property until the court resolved Rogers' claim to ownership of the property, provided Rogers paid property taxes and insurance for the home in the interim. Accordingly, we cannot infer Rogers only signed the settlement agreement because Wegman agreed to waive the statute of limitations.

Second, there is no evidence Rogers was even aware her claims were time-barred at the time the settlement agreement was negotiated. Rogers filed her *Marvin* petition with the court on November 4, 2013. She made no reference to an alleged waiver in her petition, even though her petition was filed months after the statute of limitations on her claims had run and her petition would have been time-barred on its face. Indeed, it appears the first time Rogers even addressed the statute of limitations was in response to Wegman's demurrer. We presume, had Stipulation No. 3 been intended to be construed

10.

as a waiver, the stipulation would have included language to that effect, or Rogers would have made this clear in her *Marvin* petition.

Rogers also contends the formality of the settlement agreement, the correspondence between counsel for the parties, and the fact that in filing the agreement with the court, counsel for the parties certified all factual contentions therein had evidentiary support confirmed a valid waiver was executed. Her argument misses the point.

The issue is not whether the settlement agreement is valid, but whether the substance of the agreement constitutes a waiver of the statute of limitations. Rogers' discussion of the legitimacy and formality of the agreement essentially presumes Stipulation No. 3 constitutes a waiver in the first place. We disagree with this conclusion.

Further, while correspondence between counsel demonstrates the parties' mutual intent to fulfill their obligations as set forth in the agreement, it does not support the conclusion the statute of limitations was waived. The correspondence Rogers refers to consists of two letters from Wegman's counsel to Rogers' counsel dated May 23, 2014, and May 28, 2014. In the letters, Wegman's counsel advises Rogers' counsel property taxes for the Wasco property are past due, and Rogers must pay the full amount as soon as possible. These letters refer to the first condition in the settlement agreement, wherein the parties agreed Rogers could continue living in the Wasco property until her *Marvin* petition was decided by the court, provided Rogers paid property taxes and insurance for the property. These letters do not evidence a waiver or even an intent by the parties to execute a waiver.

Finally, Rogers contends by filing the settlement agreement with the court, she certified all factual contentions in the agreement have evidentiary support (§ 128.7). Stipulation No. 3 is a condition, not a factual contention. In any event, we fail to see how

11.

certifying that all factual contentions have evidentiary support transforms a condition to be performed by Rogers into a waiver.

We find no evidence in the parties' settlement agreement or in the circumstances surrounding the negotiation and execution of the agreement demonstrating an intent by the parties to waive the statute of limitations. Based on the plain language of Stipulation No. 3, we conclude Wegman did not agree to waive her right to assert the defense.[4]

### 1.     Res judicata/collateral estoppel do not apply

Rogers contends res judicata prohibits Wegman from asserting the statute of limitations. Wegman asserts Rogers failed to allege sufficient facts to establish res judicata, and adds Rogers appears to be arguing collateral estoppel applies. We conclude neither res judicata nor collateral estoppel apply.

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" (*Mycogen Corp. v. Monsanto Co* (2002) 28 Cal.4th 888, 896.) These doctrines apply only where there has been a final judgment on the merits. (*Ibid*.; *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 361 (dis. opn. of Broussard, J.).)

Rogers relies on *Estate of Redfield* (2011) 193 Cal.App.4th 1526 (*Redfield*) in support of her argument that Wegman was precluded from asserting the statute of limitations under the doctrine of res judicata. However, the issue in *Redfield* was whether

---

[4]Importantly, neither Rogers nor the probate court addressed whether a waiver of the statute of limitations may resuscitate a time-barred claim against an estate where a creditor's claim must be filed. Creditor's claims—which must be filed prior to filing an action against an estate where a claimant makes a demand for repayment of money—cannot be revived once they are time-barred, nor can they be tolled. (Prob. Code, §§ 9100, 9351.) Wegman contends Rogers was required to file a creditor's claim pursuant to her third claim, because it is a demand for repayment. Rogers did not assert her claim for repayment in any manner until she filed her *Marvin* petition on November 4, 2013. Although we find no waiver occurred in the first place and do not reach this issue as a result, we doubt Rogers' third claim could be resuscitated.

12.

a final, unappealed order approving settlement of a will contest could subsequently be modified. (*Id*. at pp. 1528-1529.) As the appellate court observed: "Application of the doctrine of res judicata requires an affirmative answer to the following three questions: (1) Was there a final judgment on the merits? (2) Was the issue decided in the prior adjudication identical with the one presented in the subsequent litigation? (3) Was the party against whom the principle is invoked a party … to the prior adjudication?" (*Id*. at p. 1534.)

Here, while the September 19th settlement agreement is a final judgment, the issue of whether the agreement contains a waiver of the statute of limitations is currently before us (for the first time) on appeal. As a result, neither the issue nor the claim Rogers raises has yet acquired the finality necessary to be given preclusive effect. "'A judgment or order may be final in nature, but it does not become res judicata until it is final in the other sense of being free from direct attack. Hence, while an appeal is pending or, though no appeal has yet been taken, the time for appeal has not expired, the judgment is not conclusive.'" (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 532.) Thus, res judicata and collateral estoppel do not apply.

### 2.     Equitable estoppel does not apply

Initially, it is unclear what theory of estoppel Rogers' argues applies here. In part I of her brief, Rogers claims Wegman is estopped from asserting the statute of limitations by virtue of the express language of Stipulation No. 3. In part VI of her brief, she asserts Wegman is estopped from asserting the defense based on fraud and bad faith conduct by Wegman.

Wegman contends Rogers appears to assert two theories of estoppel, one based on the plain language of the stipulation, and the other based on alleged fraud or bad faith, which appears to allege equitable estoppel. Rogers disagrees with this interpretation, but fails to clarify her argument in her reply brief: "The estoppel asserted by [Rogers] is not

13.

an equitable estoppel as claimed by [Wegman] and all of the arguments advanced by [Wegman] on those grounds are simply inapplicable."

In our view, Rogers advances only one theory of estoppel. Her first claim is based on the theory Stipulation No. 3 constituted a waiver and, as a result, Wegman was precluded from asserting the statute of limitations. Rather than arguing estoppel, this theory appears to allege Wegman breached the settlement agreement. We addressed this argument in part C.1, *ante*, and concluded the settlement agreement did not contain a waiver.

Contrary to Rogers' statement in her reply brief, her second theory does, indeed, appear to allege equitable estoppel: Rogers claims Wegman fraudulently induced her into withdrawing her opposition to Wegman's petition to be appointed administrator by promising not to challenge Rogers' *Marvin* petition.[5] We conclude equitable estoppel does not apply, and additionally find insufficient evidence of bad faith or fraudulent conduct by Wegman.

Equitable estoppel can be invoked when a delay in timely filing suit is caused by the defendant's conduct. For example, in *Battuello v. Battuello* (1998) 64 Cal.App.4th 842 (*Battuello*), the appellant filed a complaint against his mother and his deceased father's estate to establish an interest in a vineyard his father had promised to give him. (*Id*. at p. 844.) During settlement negotiations, the appellant's mother promised the appellant he would receive title to the vineyard on a specified date. (*Id*. at p. 845.) In reliance on her promise, the appellant refrained from objecting when his mother filed a petition to confirm title to the vineyard in her trust. (*Id*. at p. 846.) After the statutory period for filing a claim to title had passed, the appellant's mother repudiated the

---

[5]At oral argument, counsel for Rogers reasserted that he was not arguing a theory of equitable estoppel. However, we can conceive of no other equitable doctrine permitting Rogers to obtain relief based on allegations of bad faith and fraudulent conduct by Wegman. Thus, we address equitable estoppel.

14.

settlement agreement.  (*Id*. at pp. 845-846.)  The appellant filed suit against the estate seeking to enforce his father's promise, but the trial court sustained the demurrer, finding his claim was time-barred.  (*Ibid*.)

The appellate court held even though the statute of limitations had run, the appellant's mother was equitably estopped from asserting the defense.  (*Battuello*, *supra*, 64 Cal.App.4th at p. 848.)  In forgoing the timely filing of his complaint, the appellant relied on his mother's promise that he would receive title to the vineyard.  (*Ibid*.)  The appellate court explained this reliance estopped his mother from asserting the statute of limitations.

Here, unlike *Battuello*, the parties' settlement agreement was executed almost one full month after the statute of limitations had already expired.  Rogers' amended petition fails to allege Wegman's conduct induced her to forbear from *timely* filing her petition, i.e., filing her *Marvin* petition between August 24, 2012, and August 24, 2013.  The doctrine of equitable estoppel applies after the limitations period has run to preclude a party from asserting the statute of limitations as a defense to an untimely action where the party's conduct has induced another into forbearing to file suit.  (*McMackin v. Ehrheart* (2011) 194 Cal.App.4th 128, 142.)  Even assuming Wegman had induced Rogers into dropping her objections by expressly promising she would not assert the statute of limitations, Wegman did not induce Rogers to forbear from timely filing her claims.  Consequently, equitable estoppel does not apply.

We also find no evidence of fraudulent conduct or bad faith by Wegman.  To the extent Wegman was aware the statute of limitations had run on Rogers' claims, we find no authority requiring Wegman to refrain from engaging in settlement negotiations on this basis, provided Wegman or her counsel made no affirmative misrepresentations.  We also observe attorneys have no duty to disclose to the opposing party weaknesses in the client's case, including the expiration of the statute of limitations.  (*In re Complex Asbestos Litigation* (1991) 232 Cal.App.3d 572, 588 ["courts have recognized repeatedly

15.

that attorneys owe no duty of care to adversaries in litigation"].) The client's attorney is ordinarily charged with such knowledge, at least where there has been no fraudulent concealment of facts triggering the statute of limitations. Indeed, it is well-settled that failing to timely file a client's claim may even be a basis for malpractice. (See *Gailing v. Rose, Klein & Marias* (1996) 43 Cal.App.4th 1570.)

Rogers has failed to show Wegman induced her to forbear from timely filing her claims. Thus, equitable estoppel did not preclude Wegman from asserting the statute of limitations as an affirmative defense.

## D. Rogers' objections do not constitute the filing of a claim

Rogers asserts the objections she filed on February 22, 2013, to Wegman's petition to be appointed administrator actually constituted the filing of a claim or action against the estate within the meaning of sections 366.2 and 366.3. She contends although her pleading was entitled "objections," the language of the pleading contains a clear claim of ownership interest in the estate and assets of the decedent. We conclude Rogers' objections do not constitute an action to enforce her claims to distribution of property, or a demand for payment for services rendered.[6]

---

[6]Wegman contends Rogers' theory appears to imply Rogers' *Marvin* petition is timely filed based on equitable tolling and the relation-back doctrine. Rogers did not raise these theories in her brief. Assuming Rogers had, we note her *Marvin* petition does not "relate back" to her objections because her objections do not constitute an earlier, timely filed complaint. Further, we find no applicable basis for equitable tolling under the specific enumerated circumstances set forth in section 366.2, subdivision (b) including: "(1) Sections 12, 12a, and 12b of this code. [¶] (2) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents). [¶] (3) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor). [¶] (4) Former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses), as that part read prior to its repeal by Chapter 174 of the Statutes of 2008." Section 366.3 provides for virtually no tolling at all, except when the last day for the performance of an act falls on a holiday, and for no contest clauses, neither of which are applicable here.

16.

The purpose of the objections filed by Rogers was to contest Wegman's petition to be appointed administrator of decedent's estate. Conversely, the purpose of her *Marvin* petition was to enforce an agreement for ownership of real and personal property. The objections do not state facts sufficient to constitute a cause of action, nor do they seek to enforce an express or implied promise by two nonmarital partners as Rogers' *Marvin* claims do. We, therefore, reject Rogers' assertion her objections constituted the commencement of an action within the meaning of sections 366.2 and 366.3.

Rogers has failed to demonstrate a reasonable likelihood her petition can be amended in light of the time-barred status of her claims. The probate court did not abuse its discretion in denying Rogers leave to amend her petition.

## DISPOSITION

The judgment is affirmed. Each party shall bear her own costs on appeal.

_____
PEÑA, J.

I CONCUR:


_____
SMITH, J.

17.

**GOMES, J., Concurring.**

I concur in the judgment. " ' The abuse-of-discretion standard requires us to uphold a ruling which a reasonable judge might have made, even though we would not have ruled the same and a contrary ruling would also be sustainable. We cannot substitute our own judgment.' " (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 428.)

I write separately to express my displeasure with the state of our profession. Respondent's counsel has been smug in candidly admitting that respondent was well aware the statute of limitations had run when the negotiated stipulation and order withdrawing objections to the appointment of administrator took place. Though not meeting the legal requirements for waiver, it is clear to me appellant did not receive the benefit of her bargain when ordered to file her *Marvin* claim on or before November 4, 2014, in exchange for withdrawing her objections.

It is incumbent upon trial courts to make certain parties entering into a stipulation in writing and in open court understand all the terms of that stipulation, and are not misled. Either the trial court failed at the task, or was itself misled in a de facto fraudulent manner.

_____

GOMES, Acting P.J.