Filed 4/14/25  B.M. v. E.P. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| B.M.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>E.P.,<br><br>    Defendant and Appellant. | H051903<br>(Santa Clara County<br>Super. Ct. No. 23EA000132) |

**MEMORANDUM OPINION[1]**

Representing herself, E.P.[2] appeals from a three-year elder abuse restraining order entered against her after a hearing.  The protected parties are B.M. and his wife, S.M.  B.M. did not file a response to E.P.'s opening brief.  E.P. has provided us with an opening brief and a record that do not allow for meaningful review of her claims on appeal.  Therefore, we affirm the order.

**I.  DISCUSSION**

We are guided by well-established principles of appellate review.

---

[1] We resolve this case by memorandum opinion under the California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 852–855.)

[2] We refer to the parties by their initials to protect their privacy interests.  (Cal. Rules of Court, rule 8.90(b)(8), (10).)

The general rule of appellate review is that a reviewing court examines the correctness of a judgment or order based on a record of those matters that were before the trial court. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 (*Zeth S.*); *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1102 (*Kenneth D.*) ["[A]ppellate courts review a trial court's judgment based on the record as it existed when the trial court ruled."].) The appellate court will only consider matters that were part of the record before the trial court and will disregard statements of fact or factual assertions that are not supported by reference to the trial court record. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) E.P., although self-represented, must follow these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 (*Nwosu*).)

Appellate courts are also required, under the principles of appellate review, to presume the trial court's order was correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) As the appellant, E.P. must show error based on the documents or exhibits from the trial court that she has provided as part of the record on appeal. (*Id.* at p. 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*); see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

E.P.'s appeal does not meet these standards. The opening brief makes no reference to the trial court record and the record on appeal is made up largely of documents and attempts to file materials that appear to postdate the issuance of the restraining order or that were not before the trial court at the time it issued the order.

E.P. focuses on an affidavit, numerous pleadings, and on audio files of a recorded conversation that she has sought to file as part of her appeal.[3] We understand the affidavit to be an effort by E.P. to have this court consider her sworn statements. Since

---

[3] E.P.'s affidavit was filed in this court on January 22, 2025, after the close of the briefing period on appeal, and is dated January 16, 2025, approximately one year after the hearing on the restraining order. The affidavit purports to describe verbatim an exchange between B.M. and E.P. that occurred in January 2024 and makes factual assertions about B.M.'s conduct.

the sworn statements were not before the trial court and E.P. has presented them for our review, we construe the filing of the affidavit as a request for judicial notice. (Evid. Code, § 459; Cal. Rules of Court, rule 8.252(a).) However, we deny the request, as the affidavit is not a matter that may be judicially noticed by this court under any applicable standard. (See Evid. Code, § 452.) The audio files that have been transmitted are similarly not appropriate for judicial notice and bear no indication that they were part of the record before the trial court.[4] E.P. additionally submitted materials to this court prior to oral argument, including another copy of the audio recording and a pleading form purporting to assert breach of contract and other claims against B.M., which are not part of the reviewable record.[5]

Furthermore, the clerk's transcript that E.P. designated for the record on appeal contains only a few items that are pertinent to our review. Specifically, it consists of a copy of the restraining order after hearing, dated January 22, 2024, (hereafter, January 22 restraining order) and what appears to be a series of documents attached to the notice of appeal (filed February 27, 2024) and additional documents attached to the notice designating record on appeal (filed April 23, 2024). The attached documents consist primarily of copies of e-mails, which appear to be written by E.P. (either to herself or in some instances to the San Jose Police Department records division) and most of which postdate the January 22 issuance of the restraining order. Also included among the documents are what appears to be (1) copies of a police report and supplemental report (dated January 24, 2024, and February 4, 2024, respectively, thus both postdating the restraining order) annotated by handwritten notes of unspecified authorship (presumably,

_____

[4] Although E.P.'s notice designating record on appeal refers to "Police Cam" and "Record of Audio Tape sjpd upload," as explained below, the police reports postdate the hearing on the restraining order. The audio files contain a recorded conversation between two individuals (presumably E.P. and B.M., as stated in E.P.'s affidavit) that appears to have occurred while the restraining order proceedings were underway.

[5] Because the time to augment the record has passed and this court is unable to consider material outside the record, the received materials are rejected for filing.

3

E.P.'s), and (2) a copy of the request for elder abuse restraining order filed by B.M. against E.P. on December 29, 2023, initiating this action.

Having reviewed all the documents and evidence submitted by E.P., including the attempted filings leading up to oral argument, we note that only the December 29, 2023 request for elder abuse restraining order and the January 22 restraining order itself are clearly part of the record on appeal.[6] To the extent that other materials filed in this court were created after January 22 and pertain to events that occurred after the hearing on the restraining order or were not before the trial court, including e-mails, police reports, E.P.'s affidavit, and the audio recordings, they are not appropriate for consideration on appeal. (*Zeth S.*, *supra*, 31 Cal.4th at p. 405.) We cannot augment the record to include them. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 ["Augmentation does not function to supplement the record with materials not before the trial court."]; *Kenneth D.*, *supra*, 16 Cal.5th at p. 1106 [same].) Nor are those materials matters that may be judicially noticed. (*Vons*, at p. 444, fn. 3 ["Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' "]; see also Evid. Code, § 452, subd. (h) [courts may take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy"].)

The documents and evidence that postdate the hearing on the restraining order or were not contained in the record that was before the trial court are beyond the scope of our review, and we do not consider them. (*Glassman v. Safeco Ins. Co. of America*

_____

[6] On its own motion, this court takes judicial notice of the trial court's January 22, 2024 minute order from the hearing on the restraining order. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

(2023) 90 Cal.App.5th 1281, 1307.) In addition, E.P. is proceeding without a reporter's transcript of the trial court proceedings and has not requested a suitable substitute, such as a settled statement.[7] We have no record of what occurred at the hearing on the restraining order, apart from the limited information provided in the trial court clerk's minutes from that day, which reflect that E.P. was not present at the hearing. We are therefore unable to evaluate E.P.'s claims on appeal, which we understand are intended to challenge the commissioner's determination that issuance of a restraining order was warranted. Without an adequate record of the arguments or any evidence before the commissioner at the hearing on B.M.'s restraining order request, this court cannot conduct a meaningful review of the order and must deny the appeal on that basis. (See *Jameson*, *supra*, 5 Cal.5th at pp. 608–609.)

Even if we were to set aside these considerations and assume an adequate record for review, E.P. has not clearly identified the alleged error she raises on appeal. Her opening brief states the following issue presented for appeal: "To show the court[] his distasteful attempts for sex by vulgarity. Breaking his RO [restraining order], a dozen times. Coercion, the plaintiff to commit perjury[.] I will present an audio tape, and or take a lie detector for evaluation."

As best we can discern, E.P. argues, after providing some factual background on the romantic relationship between the parties, that B.M. engaged in inappropriate and coercive sexual conduct with her, offered bribes, suborned perjury, physically hurt her by grabbing her arm and holding her in a bathroom, and should be penalized for bringing the restraining order and harming her employment and reputation. E.P.'s opening brief implies that the commissioner ignored or misconstrued evidence and incorrectly applied

---

[7] A settled statement is a summary of the trial court proceedings approved by the trial court, which an appellant may elect to use if the designated oral proceedings in the trial court were not reported by a court reporter. (Cal. Rules of Court, rule 8.137(b)(1).) A party has the right to request a settled statement. (See *ibid*.)

the law when the court granted the restraining order. E.P. asserts that the audio files provided to this court proves these allegations.

E.P. makes requests of this court that it cannot fulfill in the absence of an adequate record on appeal. Her brief contains no citations to the record and, for the reasons explained above, lacks sufficient factual or legal support. We cannot consider points that are not supported by legal argument or factual support in the record, nor can we consider materials—like the audio files—submitted outside of the record on appeal.[8] (See *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861; *Vons*, *supra*, 14 Cal.4th at p. 444, fn. 3.)

We are mindful of the fact that E.P. is self-represented, but this does not exempt her from compliance with the general rules set forth above. We must treat a party who acts as his or her own attorney like any other party and hold the self-represented party to the rules of procedure. (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1247.)

E.P.'s opening brief and supporting record prevent us from appropriately evaluating the nature of any alleged error, particularly given the deferential standard of review that this court must apply. We do not presume error on a silent record. (*Denham*, *supra*, 2 Cal.3d at p. 564; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.) Consequently, we must presume the evidence supports the commissioner's findings and conclude the resulting adjudication of the restraining order was proper. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

---

[8] For appellant's benefit, we note that while many of the materials she sought to submit to this court are not part of the record of review and may not be considered on appeal, E.P. may bring a motion in the trial court for an order terminating or modifying the restraining order and may state her evidence in support on the appropriate Judicial Council form EA-600. (See Welf. & Inst. Code, § 15657.03, subd. (i)(1), (3).)

## II. DISPOSITION

The January 22, 2024, restraining order is affirmed. In the interests of justice, no costs are awarded on appeal because respondent did not file a response. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
Danner, Acting P. J.

WE CONCUR:




_____
Wilson, J.




_____
Bromberg, J.




**H051903**
***B.M. v. E.P.***